MR

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) Case No. 17-cv-194 |
| | ) |
| v. | ) Judge Kennelly |
| | ) |
| CREDIT BUREAU CENTER, LLC, | ) Magistrate Judge Valdez |
| a limited liability company, formerly known as | ) |
| MYSCORE LLC, also doing business as | ) |
| EFREESCORE.COM, CREDITUPDATES.COM, | ) |
| and FREECREDITNATION.COM, | ) |
| | ) |
| MICHAEL BROWN, | ) |
| individually and as owner and manager of | ) |
| CREDIT BUREAU CENTER, LLC, | ) |
| | ) |
| DANNY PIERCE, individually, and | ) |
| | ) |
| ANDREW LLOYD, individually, | ) |
| | ) |
| Defendants. | ) |

---

## *EX PARTE* TEMPORARY RESTRANING ORDER WITH ASSET FREEZE, APPOINTMENT OF A RECEIVER, OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), has filed a

Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), Section 5 of the Restore Online

Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404, and Section 621(a)(1) of the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(a)(1), and has moved, pursuant to Federal

Rule of Civil Procedure 65(b), for a Temporary Restraining Order with Asset Freeze,

Appointment of a Receiver, Other Equitable Relief, and an Order to Show Cause Why a

Preliminary Injunction Should Not Issue against Defendants Credit Bureau Center, LLC, Michael Brown, Danny Pierce, and Andrew Lloyd.

## FINDINGS OF FACT

The Court, having considered the Complaint, the *ex parte* motion for a temporary restraining order, the declarations, exhibits, and memorandum of law filed in support thereof, and being otherwise advised, finds that:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over the parties;

2. Venue in this district is proper;

3. There is good cause to believe that Defendants Credit Bureau Center, LLC, Michael Brown, Danny Pierce, and Andrew Lloyd have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that Defendants Credit Bureau Center, LLC, and Michael Brown have engaged in and are likely to engage in acts or practices that violate Section 4(1) and (2) of ROSCA, 15 U.S.C. § 8403(1) & (2), Section 612(g) of the FCRA, 15 U.S.C. § 1681j(g), and the Free Annual File Disclosures Rule ("Free Reports Rule"), 12 C.F.R. §§ 1022.130-1022.138, and that the FTC is therefore likely to prevail on the merits of this action;

4. There is good cause to believe that immediate and irreparable harm will result from the Defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 4(1) and (2) of ROSCA, 15 U.S.C. § 8403(1) & (2), Section 612(g) of the FCRA, 15 U.S.C. § 1681j(g), and the Free Reports Rule, 12 C.F.R. §§ 1022.130-1022.138, unless Defendants are restrained and enjoined by Order of this Court;

5.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers, including monetary restitution, rescission, disgorgement, or refunds, will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets or records if Defendants are provided with advance notice of this Order, and that therefore in accordance with Federal Rule of Civil Procedure 65(b), the interests of justice require that this Order be granted without prior notice to Defendants. There is thus good cause for relieving the FTC of the duty to provide Defendants with prior notice of the FTC's motion;

6.     There is good cause for issuing this Order pursuant to Federal Rule of Civil Procedure 65(b);

7.     Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, appointment of a receiver, other equitable relief, and order to show cause why a preliminary injunction should not issue is in the public interest; and

8.     The FTC is an independent agency of the United States of America and no security is required of any agency of the United States for the issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Temporary Restraining Order ("Order"), the following definitions shall apply:

1.     "**Asset**" or "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined

in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2. "**Assisting Others**" includes, but is not limited to: (1) providing administrative services, including, but not limited to, filing business registrations with federal, state, or local government entities; (2) acting as an officer, director, or registered agent of a business entity; (3) establishing bank and/or merchant accounts; (4) handling banking transactions; (5) establishing mail accounts and/or mail receiving boxes; (6) forwarding mail received from consumers; (7) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (8) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (9) providing names of, or assisting in the generation of, potential customers; or (11) performing or providing marketing or billing services of any kind.

3. "**Commission**" or "**FTC**" means the Federal Trade Commission.

4. "**Corporate Defendant**" means Credit Bureau Center, LLC, a Delaware limited liability company, formerly known as MyScore LLC, and also doing business as eFreeScore.com, CreditUpdates.com, and FreeCreditNation.com, and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

5. "**Credit Monitoring Service**" means any service, plan, program or membership that includes, or is represented to include, alerts or monitoring of changes to consumers' credit files, credit reports, or credit scores.

6.    "**Defendant(s)**" means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

7.    "**Document(s)**" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

8.    "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

9.    "**Individual Defendants**" means Michael Brown, Danny Pierce, and Andrew Lloyd, and by whatever other names each may be known.

10.    "**Negative Option Feature**" means, in an offer or agreement to sell or provide any goods or services, a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller or provider as acceptance of the offer.

11.    "**Person(s)**" means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, sole proprietorship, association, cooperative, or any other group or combination acting as an entity.

12.    "**Plaintiff**" means the Federal Trade Commission.

13.     "**Receiver**" or "**Temporary Receiver**" means the temporary receiver appointed in Section VII of this Order and any deputy receivers that shall be named by the temporary receiver.

14.     "**Receivership Defendant**" means Credit Bureau Center, LLC, a Delaware limited liability company, formerly known as MyScore LLC, and also doing business as eFreeScore.com, CreditUpdates.com, and FreeCreditNation.com, and its successors and assigns, as well as any subsidiaries, affiliates, divisions, or sales or customer service operations, and any fictitious business entities or business names created or used by these entities.

## I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promoting, offering for sale, sale, or provision of any good or service, are hereby temporarily restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, either orally or in writing, expressly or by implication, any material fact, including, but not limited to:

1.     That a residential property described in an online ad is currently available for rent from someone consumers can contact through that ad; or

2.     That a residential property will be shown to consumers who obtain their credit reports and scores through any Defendant's website;

B.     Failing to disclose, or disclose adequately, material terms and conditions of any offer of any product or service, including, but not limited to:

      1.      That consumers will be automatically enrolled in a negative option continuity plan with additional charges;

      2.      That consumers must affirmatively cancel the negative option continuity plan before the end of a trial period to avoid additional charges;

      3.      That consumers' credit or debit card information will be used to charge consumers monthly for the negative option continuity plan;

      4.      The costs associated with the negative option continuity plan; and

      5.      The means consumers must use to cancel the negative option continuity plan to avoid additional charges.

    C.      Violating or assisting others in violating, any provision of ROSCA, 15 U.S.C. §§ 8401 *et seq.*, including, but not limited to:

      1.      Section 4(1) of ROSCA, 15 U.S.C. § 8403(1), by charging, attempting to charge, or continuing to charge consumers through a negative option feature without having clearly and conspicuously disclosed all material terms of the transaction before obtaining consumers' billing information; and

      2.      Section 4(2) of ROSCA, 15 U.S.C. § 8403(2), by charging, attempting to charge, or continuing to charge consumers through a negative option feature without having obtained their express informed consent; and

    D.      Operating any website offering free credit reports without displaying across the top of each page that mentions free credit reports, and across the top of each page of the ordering process, the prominent disclosure required by the Free Reports Rule, 12 C.F.R. § 1022.138, to inform consumers of their right to obtain a free credit report from AnnualCreditReport.com or (877) 322-8228.

## II.

### <u>ASSET FREEZE</u>

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby temporarily restrained and enjoined from:

A.       Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the United States, that are:

1.       Owned, controlled or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

2.       In the actual or constructive possession of any Defendant; or

3.       In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding

company, or any credit union, retirement fund custodian, money market or mutual fund, storage

company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading

company, precious metal dealer, or other financial institution or depository of any kind, either

within or outside the territorial United States;

      B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes,

or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or

under any Defendant's control, without providing the FTC prior notice and an opportunity to

inspect the contents in order to determine that they contain no assets covered by this Section;

      C.      Cashing any checks or depositing or processing any payments from customers of

Defendants;

      D.      Incurring charges or cash advances on any credit card issued in the name, singly

or jointly, of any Defendant; or

      E.      Incurring liens or encumbrances on real property, personal property, or other

assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other

entity directly or indirectly owned, managed, or controlled by any Defendant.

      Notwithstanding the asset freeze provisions of Section II.A through E above, and subject

to prior written agreement with the Commission, Individual Defendants may, upon compliance

with Section IV (Financial Statements) *infra*, pay from their individual personal funds

reasonable, usual, ordinary, and necessary living expenses.

      The funds, property, and assets affected by this Section shall include both existing assets

and assets acquired after the effective date of this Order.

## III.

### <u>DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS</u>

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

1.      On behalf of, or for the benefit of, any Defendant or any other party subject to Section II above;

2.      In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section II above; and

3.      That are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section II above;

B.      Deny Defendants access to any safe deposit boxes or storage facilities that are either:

1.      Titled in the name, individually or jointly, of any Defendant, or other party subject to Section II above; or

2.      Subject to access by any Defendant or other party subject to Section II above;

C.    Provide the FTC, within five (5) days of the date of service of this Order, a sworn statement setting forth:

1.    The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section II above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

2.    The balance of each such account, or a description of the nature and value of such asset;

3.    The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section II above, whether in whole or in part; and

4.    If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

D.    Within five (5) days of a request from the FTC, provide the FTC with copies of all records or other documents pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.    The FTC may properly serve this Order on any financial or brokerage institution, business entity or person that holds, controls or maintains custody of any account or asset of any Defendant or has held, controlled or maintained custody of any account or asset of any

Defendant at any time since January 2014, by facsimile transmission, hand delivery or overnight carrier. This Section shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled since January 2014. This Section shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

## IV.

### FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that each Defendant shall serve upon counsel for the FTC, no later than five (5) business days after service of this Order, a completed financial statement accurate as of the date of entry of this Order, on the forms served on Defendants with this Order for Individual Defendants and for Corporate Defendants, as the case may be, signed under penalty of perjury.

The financial statements shall include assets held outside the territory of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath. Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

## V.

### MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly

or through any trust, corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from:

      A.      Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the incomes, disbursements, transactions, dispositions, and uses of Defendants' assets;

      B.      Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

      C.      Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the FTC with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VI.

### PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint; and

B.      Benefiting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint;

*Provided, however,* that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## VII.

### TEMPORARY RECEIVER

### A.      APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Robb Evans & Associates LLC is appointed Temporary Receiver for Receivership Defendant and any of its affiliates, subsidiaries, divisions,

or sales or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all Local Rules of this Court governing receivers.

### B.    RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

1.    Assume full control of the Receivership Defendant by removing, as the Receiver deems necessary or advisable, any director, officer, employee, independent contractor, or agent of the Receivership Defendant, including any Individual Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendant;

2.    Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendant, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendant. Provided, however, that the Receiver shall not collect any amount from a consumer or allow the Receivership Defendant to continue to debit or otherwise charge a consumer's account, if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this matter;

3.    Use any means necessary to take possession of and to secure all areas of the business premises of the Receivership Defendant. Such steps may include, but are not

limited to, the following as the Receiver deems necessary or advisable: (a) serving this Order; (b) completing a written inventory of all receivership assets; (c) obtaining pertinent information from all employees and other agents of the Receivership Defendant, including, but not limited to, the name, home address, Social Security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (d) videotaping all portions of the locations; (e) securing the locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations; (f) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendant; and/or (g) employ the assistance of law enforcement officers as the Receiver deems necessary to implement the provisions of this Order;

4.      Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendant, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets, and including the authority to liquidate or close out any open securities or commodity futures positions of the Receivership Defendant;

5.      Enter into contracts and purchase insurance as advisable or necessary;

6.      Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendant;

7.      Manage and administer the business of the Receivership Defendant until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

8.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

9.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments;

10.     Determine and implement the manner in which the Receivership Defendant will comply with, and prevent violations of, this Order and all other applicable laws;

11.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendant or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

12.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as Receiver, or against the Receivership Defendant that the Receiver deems necessary and

advisable to preserve the assets of the Receivership Defendant or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

13.     Continue and conduct the business of the Receivership Defendant in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the business can be lawfully operated at a profit using the assets of the receivership estate;

14.     Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

15.     Open one or more bank accounts as designated depositories for funds of the Receivership Defendant. The Receiver shall deposit all funds of the Receivership Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

16.     Maintain accurate records of all receipts and expenditures that he or she makes as Receiver;

17.     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency, including the FTC; and

18.     File reports with the Court on a timely and reasonable basis.

C.     **COOPERATION WITH THE RECEIVER**

**IT IS FURTHER ORDERED** that:

1.     Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual

notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to:

a. Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order;

b. Providing any password required to access any computer, electronic file, or telephonic data in any medium; or

c. Advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the Receiver.

2. Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from directly or indirectly:

a. Transacting any of the business of the Receivership Defendant;

b. Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendant, including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other records of any kind or nature;

c. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the

possession or custody of, or in which an interest is held or claimed by, the Receivership

Defendant, or the Receiver;

        d.      Excusing debts owed to the Receivership Defendant;

        e.      Failing to notify the Receiver of any asset, including accounts, of

the Receivership Defendant held in any name other than the name of the Receivership

Defendant, or by any person or entity other than the Receivership Defendant, or failing to

provide any assistance or information requested by the Receiver in connection with obtaining

possession, custody, or control of such assets;

        f.      Doing any act or refraining from any act whatsoever to interfere

with the Receiver's taking custody, control, possession, or managing of the assets or documents

subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere

in any manner with the exclusive jurisdiction of this Court over the assets or documents of the

Receivership Defendant; or to refuse to cooperate with the Receiver or the Receiver's duly

authorized agents in the exercise of their duties or authority under any Order of this Court; or

        g.      Filing, or causing to be filed, any petition on behalf of the

Receivership Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et*

*seq.*, without prior permission from this Court.

    **D.**    **DELIVERY OF RECEIVERSHIP PROPERTY**

    **IT IS FURTHER ORDERED** that:

        1.      Immediately upon service of this Order upon them, or within such period

as may be permitted by the Receiver, Defendants or any other person or entity shall transfer or

deliver possession, custody, and control of the following to the Receiver:

a. All assets of the Receivership Defendant, including assets subject to repatriation pursuant to Section IX, *infra*;

b. All documents of the Receivership Defendant, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

c. All assets belonging to members of the public now held by the Receivership Defendant; and

d. All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendant, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, mail boxes, or other property. This includes providing the necessary means to gain access to commercial mail boxes.

2. In the event any person or entity fails to deliver or transfer any receivership asset or document or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the Receiver.

### E.    TRANSFER OF FUNDS TO THE RECEIVER

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all financial institutions, finance companies, commercial lending companies, credit card processing agents or agents providing electronic funds transfer services or automated clearing house processing, brokerage houses, escrow agents, money market or mutual funds, title companies, commodity futures merchants, commodity trading companies, precious metal dealers, trustees, or other financial institutions or depositories of any kind, shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at his or her direction and producing records related to the assets of the Receivership Defendant.

### F.    STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

1.    Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendant, any of its subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

a.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

b.    Accelerating the due date of any obligation or claimed obligation; filing, perfecting or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset,

whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise, or setoff of any debt owing to the Receivership Defendant that arose before the date of this Order against any claim against the Receivership Defendant;

        c.     Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

        d.     Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant.

     2.     This Order does not stay:

        a.     The commencement or continuation of a criminal action or proceeding;

        b.     The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

        c.     The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

     3.     Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been

responded to within thirty (30) days of receipt by the Receiver, any such person or entity may

thereafter seek an Order of this Court with regard to the relief requested.

### G.    COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver

as herein authorized, including counsel to the Receiver and accountants, are entitled to

reasonable compensation for the performance of duties pursuant to this Order and for the cost of

actual out-of-pocket expenses incurred by them, from the assets now held by, or in the

possession or control of, or which may be received by the Receivership Defendant.  The

Receiver shall file with the Court and serve on the parties periodic requests for the payment of

such reasonable compensation, with the first such request filed no more than sixty (60) days after

the date of this Order.  The Receiver shall not increase the hourly rates used as the bases for such

fee applications without prior approval of the Court

### H.    RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a

bond in the sum of $10,000.00 with sureties to be approved by the Court, conditioned that the

Receiver will well and truly perform the duties of the office and abide by and perform all acts the

Court directs.

### VIII.

### ACCESS TO BUSINESS PREMISES

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants,

employees, and attorneys, and all other persons in active concert or participation with any of

them, who receive actual notice of this Order by personal service or otherwise, whether acting

directly or through any trust, corporation, subsidiary, division, or other device, and the Receiver,

shall allow the FTC's representatives, agents, and assistants, as well as the Receivership

Defendant's representatives, and the Individual Defendants themselves, reasonable access to all

of the Receivership Defendant's business premises, or any other premises where the

Receivership Defendant conducts business or customer service operations.

The purpose of this access shall be to inspect and copy any and all books, records,

documents, accounts, and other property owned by, or in the possession of, the Receivership

Defendant or its agents. The Receiver shall have the discretion to determine the time, manner,

and reasonable conditions of such access. The FTC may remove materials from the

Receivership Defendant's business premises to inspect, inventory, and copy such materials. The

FTC shall return materials so removed within five (5) business days of completing said inventory

and copying. The FTC's access to Defendants' documents pursuant to this Section shall not

provide grounds for any Defendant to object to any subsequent request for documents served by

any Plaintiff.

## IX.

## REPATRIATION OF ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that Defendants shall:

A.      Within three (3) business days following service of this Order, take such steps as

are necessary to repatriate to the territory of the United States of America all documents and

assets that are located outside such territory and are held by or for Defendants or are under

Defendants' direct or indirect control, jointly, severally, or individually;

B.      Within three (3) business days following service of this Order, provide the FTC

with a full accounting of all documents and assets that are located outside of the territory of the

United States of America or that have been transferred to the territory of the United States of

America pursuant to Subsection A above and are held by or for any Defendant or are under any

Defendant's direct or indirect control, jointly, severally, or individually, including the names and

addresses of any foreign or domestic financial institution or other entity holding the documents

and assets, along with the account numbers and balances;

      C.      Hold and retain all such documents and assets and prevent any transfer,

disposition, or dissipation whatsoever of any such documents or assets; and

      D.      Within three (3) business days following service of this Order, provide the FTC

access to Defendants' records and documents held by financial institutions or other entities

outside the territory of the United States of America, by signing and delivering to FTC counsel

the Consent to Release of Financial Records attached to this Order as Attachment A.

**X.**

**<u>INTERFERENCE WITH REPATRIATION</u>**

      **IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and

enjoined from taking any action, directly or indirectly, which may result in the encumbrance or

dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding

Section IX of this Order, including, but not limited to:

      A.      Sending any statement, letter, facsimile, e-mail or wire transmission, or

telephoning or engaging in any other act, directly or indirectly, that results in a determination by

a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign

trust agreement, until such time that assets have been fully repatriated pursuant to the preceding

Section of this Order; and

      B.      Notifying any trustee, protector or other agent of any foreign trust or other related

entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

Page 26 of 32

a Court Order, until such time as assets have been fully repatriated pursuant to the preceding Section of this Order.

## XI.

## **EXPEDITED DISCOVERY**

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

A.      Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

B.      Demand the production of documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

Three (3) days' notice shall be deemed sufficient for any such deposition, five (5) days' notice shall be deemed sufficient for the production of any such documents, and twenty-four (24)

hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XVII of this Order.

## XII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, partners, divisions, sales entities, successors, assigns, members, officers, directors, employees, independent contractors, agents, servants, attorneys, spouses, representatives, and any other persons in active concert or participation with them. Within five (5) calendar days following service of this Order, Defendants shall file with this Court and serve on the FTC an affidavit identifying the name, title, addresses, telephone numbers, date of service, and manner of service of the persons and entities Defendants have served with a copy of this Order in compliance with this provision.

## XIII.

## EXPIRATION DATE OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on January 25, 2017, at 5:00 p.m. (Central Time), unless within such time, the Order,

for good cause shown, is extended, or unless, as to any Defendant, the Defendant consents that it should be extended for a longer period of time.

## XIV.

### ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that each Defendant shall appear before this Court on the 25th day of Jaury, 2017, at 9:30 o'clock a.m. (Central Time), at the United States Courthouse, United States District Court for the Northern District of Illinois, Chicago, Illinois, Courtroom 2103, to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 4(1) and (2) of ROSCA, 15 U.S.C. § 8403(1) & (2), Section 612(g) of the FCRA, 15 U.S.C. § 1681j(g), and the Free Reports Rule, 12 C.F.R. §§ 1022.130-1022.138, continuing the freeze of their assets, making the temporary Receiver's appointment permanent and imposing such additional relief as may be appropriate.

## XV.

### BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on FTC counsel any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than four (4) business days prior to the hearing on the FTC's request for a preliminary injunction. The FTC may file responsive or supplemental pleadings, materials, affidavits, motions, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) business day prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing,

by electronic mail, or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Central Time) on the appropriate dates listed in this Section.

## XVI.

## MOTION FOR LIVE TESTIMONY; WITNESS IDENTIFICATION

**IT IS FURTHER ORDERED** that the question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court or on motion filed with the Court and served on counsel for the other parties at least four (4) business days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least two (2) business days prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing, by electronic mail, or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Central Time) on the appropriate dates provided in this Section.

*Provided further, however*, that an evidentiary hearing on the FTC's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue.

## XVII.

### SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by United States First Class Mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of the FTC, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any person, financial institution, or other entity that may have possession or control of any property, property right, document, or asset of any Defendant, or that may be subject to any provision of this Order. Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XVIII.

### CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer or credit report concerning any Defendant to the FTC.

## XIX.

### SERVICE UPON PLAINTIFF

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, memoranda, correspondence, affidavits, declarations, or other documents related to this Order or the FTC's motion for a preliminary injunction by: (1) e-mail at gward@ftc.gov and slevine1@ftc.gov; and (2) facsimile transmission to the FTC at (312) 960-5600, hand delivery to the offices of the FTC

at 55 West Monroe Street, Suite 1825, Chicago, Illinois 60603, to the attention of Guy G. Ward and Samuel A.A. Levine, or overnight shipment through a third-party commercial carrier for delivery at the address listed above.

**XX.**

**<u>RETENTION OF JURISDICTION</u>**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 11th day of January, 2017, at 5:00 p.m.

United States District Judge

# ATTACHMENT A

**Consent to Release of Financial Information**

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-194 |
| ) | |
| v. ) | Judge Kennelly |
| ) | |
| CREDIT BUREAU CENTER, LLC, ) | Magistrate Judge Valdez |
| a limited liability company, formerly known as ) | |
| MYSCORE LLC, also doing business as ) | |
| EFREESCORE.COM, CREDITUPDATES.COM, ) | |
| and FREECREDITNATION.COM, ) | |
| ) | |
| MICHAEL BROWN, ) | |
| individually and as owner and manager of ) | |
| CREDIT BUREAU CENTER, LLC, ) | |
| ) | |
| DANNY PIERCE, individually, and ) | |
| ) | |
| ANDREW LLOYD, individually, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CONSENT TO RELEASE OF FINANCIAL INFORMATION

I, _____, of _____

(city and state), do hereby direct any person, bank, savings and loan association, credit union,

depository institution, finance company, commercial lending company, payment processor,

payment processing entity, common carrier, customs broker, commercial mail receiving agency,

mail holding and/or forwarding company, brokerage house, escrow agent, money market or

mutual fund, title company, commodity trading company, or trustee, that holds, controls or

maintains custody of assets, wherever located, that are owned or controlled by me, or any of the

above Defendants, in whole or in part, or at which I, or any of the above Defendants, have an

ii

account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in its possession or control which relate to the said accounts to any attorney for Plaintiffs, and to give evidence relevant thereto, in the above-captioned matter, *Federal Trade Commission v. Credit Bureau Center, LLC, et al.*, now pending in the United States District Court for the Northern District of Illinois, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit the disclosure of bank or other financial information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the accounts for which I may be the relevant principal.

Dated: _____, 2017          _____
                                                              [Signature]


                                                _____
                                                              [Print Name]