**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>CREDIT BUREAU CENTER, LLC, *et al.*,<br><br>    Defendants. | )<br>)<br>) Case No. 17-cv-194<br>)<br>) Judge Kennelly<br>)<br>) Magistrate Judge Valdez<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION IN LIMINE TO ADMIT
DECLARATIONS AND CONSUMER COMPLAINTS OR, IN THE
ALTERNATIVE, EXTEND THE TEMPORARY RESTRAINING
ORDER AND CONTINUE THIS MATTER**

  Plaintiff Federal Trade Commission respectfully requests that this Court admit, for purposes of ruling on Plaintiff's Motion for a Preliminary Injunction, a) declarations by consumers who were victims of the scheme; b) the declaration of Erin McCool, a supervisor of the Better Business Bureau ("BBB"); c) the declaration of Defendant Danny Pierce; and d) consumer complaints submitted to the BBB. In the alternative, Plaintiff requests that the TRO be extended and that the hearing on Plaintiff's Motion for Preliminary Injunction be continued so that witnesses may be called. In support of the foregoing, Plaintiff submits the following:

1.  On January 10, 2017, the FTC filed its complaint against Defendants, alleging that Defendants engaged in a fraudulent scheme that falsely advertised rental properties in order to lure consumers to websites where they were deceptively enrolled in credit monitoring services.

2.  Concurrent with its filing of the complaint, the FTC moved for the entry of a temporary restraining order. In support of that motion, the FTC submitted eight declarations from consumers who were victims of the scheme described in the complaint.

1

3. The FTC also submitted a declaration from Erin McCool, an Operations Supervisor at the BBB, who described the more than 200 complaints that the BBB received regarding Defendants' scheme, as well the BBB's communications with Defendant Brown concerning his efforts to obtain BBB accreditation for Credit Bureau Center, LLC ("CBC"). Ms. McCool attached to her declaration both consumer complaints as well as her communications with Defendant Brown.

4. Judge Coleman entered the TRO on January 11, 2017. Section XVI provided that Plaintiff's motion for a preliminary injunction be resolved on the written submissions unless one of the parties files a motion seeking live testimony at least four days prior to the hearing.

5. On February 1, 2017, counsel for Defendants Brown and CBC informed Plaintiff that he did "not intend to present live testimony" at the hearing set for February 8. *See* Ex. A.

6. On February 4, 2017, Defendants CBC and Brown filed their opposition to Plaintiff's Motion for a Preliminary Injunction. Among other contentions, CBC and Brown asserted that they had no knowledge of the alleged scheme and no contact with the affiliate marketer, Defendant Danny Pierce, who along with Defendant Andrew Lloyd drove traffic to CBC's websites via the Craigslist advertising campaign.

7. Plaintiff responded to that filing on February 7, 2017 by, among other things, submitting a declaration of Defendant Danny Pierce. In that declaration, Defendant Pierce states that he "communicated with Michael Brown and Andrew Lloyd by various means including, but not limited to, emails, text messages and Skype messages." He then attached copies of those communications.

8. On the morning of February 8, 2017, this Court ordered that a hearing be held on Plaintiff's Motion for a Preliminary Injunction later that same day, at 2:30 PM.

I. Consumer Declarations Should be Admitted

9. "Affidavits are ordinarily inadmissible at trials but they are fully admissible in summary proceedings, including preliminary injunction proceedings." *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997).

10. Moreover, all of the declarations that the FTC seeks to have admitted fall within the residual exception to the hearsay rule, Fed. R. Evid. 807.

11. Federal Rule of Evidence 807 (the "residual exception") allows parties to use statements that would otherwise constitute hearsay if (1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) the statement is offered as evidence of a material fact; (3) the statement is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of the Fed. R. Evid. and the interests of justice. Fed. R. Evid. 807.

12. Courts have routinely admitted similar declarations in other FTC Section 13(b) consumer protection cases. For example, in *FTC v. Amy Travel Service, Inc.*, 875 F.2d 564, 576-77 (7th Cir. 1989), the court admitted a number of consumer affidavits in lieu of live testimony. In upholding the district court's admission of these affidavits pursuant to the residual hearsay exception, the Seventh Circuit explained:

> [I]t is clear that these affidavits will fall within the residual exception and the trial court did not abuse its discretion by admitting them. The affidavits possess sufficient guarantees of trustworthiness; each was made under oath subject to perjury penalties and the affiants describe facts about which they have personal knowledge – their contacts with defendants. The evidence is important to the issue of whether there was actual consumer injury from defendant's action and the affidavits would be probative of that fact. The interests of justice are served by allowing the affiants to submit affidavits instead of requiring their appearance in court. The defendants ran a nation-wide telemarketing operation and it would be cumbersome and unnecessarily expensive to bring all the consumers in for live testimony . . . Defendants were also given proper notice of the affidavits – they even had the chance to question the affiants themselves, but they chose not to avail themselves of the opportunities.

875 F.2d at 576. The declarations the FTC seeks to be admitted in the instant case meet the criteria required for admissibility under Fed. R. Evid. 807.

13. First, these declarations possess sufficient guarantees of trustworthiness. Like the affidavits described in *Amy Travel*, 875 F.2d at 576, these declarations were made under oath and describe facts about which the declarants have personal knowledge and no motive to lie. Notably, Defendants CBC and Brown have made no effort to dispute a single fact found in any of Plaintiff's consumer declarations.

14. Second, all of the declarations are offered as evidence of material facts. The consumer declarations provide details regarding the misleading Craigslist ads and fake landlord emails, as well as demonstrating consumer injuries.

15. Similarly, the declarations are more probative on the points for which they offered than any other evidence which can be procured through reasonable efforts. Defendants' illegal activities were directed at thousands of consumers throughout the United States. It would be far too expensive and time consuming to call each of Defendants' victims – the consumer declarations are the most probative evidence that is reasonably obtainable. *See*, *e.g.*, *FTC v. Kitco*, 612 F. Supp. 1282, 1295 (D. Minn. 1985) (consumer "affidavits are more probative on the issue of total liability than any other reasonably obtainable evidence.").

16. Finally, admitting these declarations would further the general purposes of rules of evidence, and the interests of justice warrant admission of the declarations. The Defendants engaged in a nationwide scheme and it would be unnecessarily expensive to bring in consumers in from all over the country. See *Amy Travel Service,* 875 F.2d at 576. As with evidence admissible under the enumerated hearsay exceptions in Fed. R. Civ. P. 803 and 804, these declarations have "equivalent circumstantial guarantees of trustworthiness." In particular, the

declarations were made under oath subject to penalty for perjury, the declarants describe events or facts within their personal knowledge, and the declarants had no motive to lie. The consumer declarations report roughly similar experiences with the Defendants and are consistent with other evidence introduced by the FTC.

**II.     Erin McCool's Declaration Should be Admitted**

17.     In addition to being admissible at preliminary injunction proceedings generally, *see Ty*, 132 F.3d at 1171, Erin McCool's declaration should be admitted as it meets the criteria required for admissibility under Fed. R. Evid. 807.

18.     First, the McCool declaration is credible. McCool, as a BBB supervisor, has personal knowledge of the complaints submitted to the BBB and no reason to lie. Moreover, Brown's own declaration—where he describes his contact with the BBB—corroborates McCool's testimony.

19.     Furthermore, the McCool declaration provides evidence of material facts. In addition to showing that Defendants' scheme generated more than 250 consumer complaints, it shows that the BBB was in contact with Brown about these complaints, thus placing him on notice.

20.     As to its probativeness relative to other sources of evidence, the McCool declaration establishes two facts that are beyond dispute: that the BBB received complaints and that McCool discussed these complaints with Defendant Brown. Given that McCool resides in California, the only way these material facts can be considered by the Court at this juncture is if her declaration is admitted.

21.     Finally, admitting Mr. McCool' declaration serves the interest of justice providing the Court with important information about the scope of the scheme alleged in the complaint as well as Brown's and CBC's knowledge of that scheme.

**III.     Danny Pierce's Declaration Should Be Admitted**

22.     In addition to the general principle that affidavits are admissible at preliminary injunction proceedings, *see Ty*, 132 F.3d at 1171, Danny Pierce's declaration meets the criteria required for admissibility under Fed. R. Evid. 807.

23.     First, Pierce's declaration is credible. His statement that he "communicated with Michael Brown and Andrew Lloyd by various means" is not only supported by records attached to the declaration but is potentially against Mr. Pierce's self-interest in this matter. *See* Fed. R. Evid. 804(b)(3).

24.     Second, Pierce's statements in the declaration are highly material. Brown and CBC claim that they were ignorant of the scheme and no contact with Pierce; this declaration refutes that.

25.     As to its probativeness relative to other sources, the text messages attached to Pierce's declaration provide what is perhaps the clearest evidence yet that Brown not only knew of the scheme but actively participated in it. This evidence is far more credible than Brown's self-serving declaration to the contrary.

26.     Finally, admitting Pierce's declaration serves the interest of justice. Pierce's declaration provides the Court with primary, real-time evidence of Brown's involvement in the scheme, and it was submitted by an individual acting, potentially, against his own self-interest.

**IV.     Consumer Complaints Should be Admitted Under Fed. R. Evid. 807.**

In support of its TRO Motion, Plaintiff submitted dozens of consumer complaints that were submitted to the BBB. These complaints, many of which were forwarded to CBC, placed the company and Brown on notice of the scheme. The complaints should also, however, be admitted for the truth of the matters asserted.

6

Courts routinely allow consumer complaints into evidence under Fed. R. Evid. 807. *See*, *e.g.*, *FTC v. Figgie Int'l Inc.*, 994 F2d 595, 608-09 (9th Cir. 1993) ("Consumer complaints are admissible under the "catch-all" or "residual" exception") This is due to their inherent "guarantees of trustworthiness" as independent corroborating reports spontaneously sent by unrelated individuals to the BBB , and because "reasonable effort would not produce evidence that is more probative" than contemporaneous reports. *FTC v. Cyberspace.com, LLC*, No. C00-1806L, 2002 WL 32060289, at *3, n.5 (W.D. Wash. July 10, 2002). As one court put it, "[b]ringing each complainant into court to testify, under oath, that the contents of the [complaining] letters were true would be an unreasonable exercise and would not necessarily result in testimony that is any more trustworthy than the complaints themselves." *Id.* That so many consumers would tell such similar stories is an indicia of veracity since it is unlikely so many consumers would devise the same lies.

**V.     In The Alternative, The Hearing Should be Continued**

Because CBC's and Brown's counsel indicated last week that they did not intend to seek live testimony in opposing the FTC's Motion, the FTC did not prepare for a "live" hearing. However, as apparent from the FTC's voluminous submissions to date, the FTC has gathered compelling evidence of this scheme from consumers, the BBB, merchant processors, affiliate tracking platforms, banks, and even one of the Defendants. As the FTC would be prejudiced by not being able to present this evidence, we respectfully request that should the Court deny the present motion to admit declarations and consumer complaints, it continue the hearing on Plaintiff's Motion for a Preliminary Injunction until such a time that witnesses may be produced.

## CONCLUSION

Plaintiff Federal Trade Commission respectfully requests that this Court admit, for purposes of ruling on Plaintiff's Motion for a Preliminary Injunction, a) consumer declarations; b) Erin McCool's declaration; c) the declaration of Danny Pierce; and d) consumer complaints.. In the alternative, Plaintiff requests that the TRO be extended and that the hearing on Plaintiff's Motion for a Preliminary Injunction be continued so that witnesses may be called.

                                        Respectfully submitted,

Dated: February 8, 2017                /s/ Samuel A.A. Levine
                                                Guy G. Ward
                                                Samuel A.A. Levine
                                                Federal Trade Commission
                                                55 West Monroe Street, Suite 1825
                                                Chicago, Illinois 60603
                                                (312) 960-5634 [telephone]
                                                (312) 960-5600 [facsimile]
                                                gward@ftc.gov
                                                slevine1@ftc.gov

                                                Attorneys for Plaintiff
                                                FEDERAL TRADE COMMISSION

## **CERTIFICATE OF SERVICE**

I, Samuel Levine, an attorney, hereby certify that, on February 8, 2017, I caused to be served true copies of Plaintiff's Motion in Limine to Admit Declarations and Consumer Complaints Or, In The Alternative, Extend the Temporary Restraining Order and Continue This Matter through the CM/ECF System on all counsel of record, and by email on the following:

Gregory Zini  
Barclay Damon LLP  
200 Delaware Avenue, Suite 1200  
Buffalo, NY 14202  
(716) 858-3750  
gzini@barclaydamon.com

Parker R. MacKay, Esq.  
3110 Delaware Ave.  
Kenmore, NY 14217  
(716) 803-8166  
parker@mackaylawoffice.com

*Counsel for Defendants Credit Bureau Center, LLC and Michael Brown*

/s/Samuel A.A. Levine  
Samuel A.A. Levine  
Federal Trade Commission  
55 West Monroe Street, Suite 1825  
Chicago, Illinois 60603  
(312) 960-5602  
slevine1@ftc.gov