**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) Case No. 17-cv-194 |
| | ) |
| v. | ) Judge Kennelly |
| | ) |
| CREDIT BUREAU CENTER, LLC, | ) |
| a limited liability company, formerly known as | ) |
| MYSCORE LLC, also doing business as | ) |
| EFREESCORE.COM, CREDITUPDATES.COM, | ) |
| and FREECREDITNATION.COM, | ) |
| | ) |
| MICHAEL BROWN, | ) |
| individually and as owner and manager of | ) |
| CREDIT BUREAU CENTER, LLC, | ) |
| | ) |
| DANNY PIERCE, individually, and | ) |
| | ) |
| ANDREW LLOYD, individually, | ) |
| | ) |
| Defendants. | ) |

**STIPULATED PRELIMINARY INJUNCTION**
**AS TO DEFENDANTS DANNY PIERCE AND ANDREW LLOYD**

Plaintiff Federal Trade Commission ("FTC" or the "Commission") and Defendants

Danny Pierce and Andrew Lloyd ("Stipulating Defendants") have stipulated to entry of this

Stipulated Preliminary Injunction ("Order"). This Court, having considered the Order and the

other filings in this case, and for other cause appearing, hereby orders that:

**FINDINGS OF FACT**

1.    This Court has jurisdiction over the subject matter of this case and over

Stipulating Defendants;

2.      Venue in this district is proper, and Stipulating Defendants have been properly served with process under Federal Rule of Civil Procedure 4;

3.      There is good cause to believe that Stipulating Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and that the FTC is therefore likely to prevail on the merits of this action;

4.      There is good cause to believe that immediate and irreparable harm will result from Stipulating Defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), unless Stipulating Defendants are restrained and enjoined by Order of this Court;

5.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers, including monetary restitution, rescission, disgorgement, or refunds, will occur from the sale, transfer, or other disposition or concealment by Stipulating Defendants of their assets or records, unless Stipulating Defendants are restrained and enjoined by Order of this Court.  Therefore, there is good cause for an asset freeze;

6.      There is good cause for issuing this Order pursuant to Federal Rule of Civil Procedure 65;

7.      Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, this Order is in the public interest; and

8.      The FTC is an independent agency of the United States of America and no security is required of any agency of the United States for the issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

## **DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1.        "**Asset**" or "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.        "**Assisting Others**" includes, but is not limited to: (1) providing administrative services, including, but not limited to, filing business registrations with federal, state, or local government entities; (2) acting as an officer, director, or registered agent of a business entity; (3) establishing bank and/or merchant accounts; (4) handling banking transactions; (5) establishing mail accounts and/or mail receiving boxes; (6) forwarding mail received from consumers; (7) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (8) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (9) providing names of, or assisting in the generation of, potential customers; or (11) performing or providing marketing or billing services of any kind.

3.        "**Corporate Defendant**" means Credit Bureau Center, LLC, a Delaware limited liability company, formerly known as MyScore LLC, and also doing business as eFreeScore.com, CreditUpdates.com, and FreeCreditNation.com, and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

4. "**Credit Monitoring Service**" means any service, plan, program or membership that includes, or is represented to include, alerts or monitoring of changes to consumers' credit files, credit reports, or credit scores.

5. "**Defendant(s)**" means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

6. "**Document(s)**" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8. "**Individual Defendants**" means Michael Brown, Danny Pierce, and Andrew Lloyd, and by whatever other names each may be known.

9. "**Negative Option Feature**" means, in an offer or agreement to sell or provide any goods or services, a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller or provider as acceptance of the offer.

10.     "**Person(s)**" means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, sole proprietorship, association, cooperative, or any other group or combination acting as an entity.

11.     "**Plaintiff**" means the Federal Trade Commission.

12.     "**Receiver**" means the receiver appointed in this action and any deputy receivers that shall be named by the receiver.

13.     "**Receivership Defendant**" means Credit Bureau Center, LLC, a Delaware limited liability company, formerly known as MyScore LLC, and also doing business as eFreeScore.com, CreditUpdates.com, and FreeCreditNation.com, and its successors and assigns, as well as any subsidiaries, affiliates, divisions, or sales or customer service operations, and any fictitious business entities or business names created or used by these entities.

14.     "**TRO**" means the *Ex Parte* Temporary Restraining Order With Asset Freeze, Appointment of a Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue, entered in this matter on January 11, 2017.

# I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promoting, offering for sale, sale, or provision of any good or service, are hereby restrained and enjoined from:

A. Misrepresenting, or assisting others in misrepresenting, either orally or in writing, expressly or by implication, any material fact, including, but not limited to:

1. That a residential property described in an online ad is currently available for rent from someone consumers can contact through that ad; or

2. That a residential property will be shown to consumers who obtain their credit reports and scores through any Defendant's website;

B. Failing to disclose, or disclose adequately, material terms and conditions of any offer of any product or service, including, but not limited to:

1. That consumers will be automatically enrolled in a negative option continuity plan with additional charges;

2. That consumers must affirmatively cancel the negative option continuity plan before the end of a trial period to avoid additional charges;

3. That consumers' credit or debit card information will be used to charge consumers monthly for the negative option continuity plan;

4. The costs associated with the negative option continuity plan; and

5. The means consumers must use to cancel the negative option continuity plan to avoid additional charges.

C. Violating or assisting others in violating, any provision of ROSCA, 15 U.S.C. §§ 8401 *et seq.*, including, but not limited to:

1. Section 4(1) of ROSCA, 15 U.S.C. § 8403(1), by charging, attempting to charge, or continuing to charge consumers through a negative option feature without having clearly and conspicuously disclosed all material terms of the transaction before obtaining consumers' billing information; and

2.      Section 4(2) of ROSCA, 15 U.S.C. § 8403(2), by charging, attempting to charge, or continuing to charge consumers through a negative option feature without having obtained their express informed consent; and

D.      Operating any website offering free credit reports without displaying across the top of each page that mentions free credit reports, and across the top of each page of the ordering process, the prominent disclosure required by the Free Reports Rule, 12 C.F.R. § 1022.138, to inform consumers of their right to obtain a free credit report from AnnualCreditReport.com or (877) 322-8228.

## II.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the United States, that are:

1.      Owned, controlled or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

2.      In the actual or constructive possession of any Defendant; or

3.      In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing the FTC prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C.      Cashing any checks or depositing or processing any payments from customers of Defendants;

D.      Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; or

E.      Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

Notwithstanding the asset freeze provisions of Section II.A through E above, and subject to prior written agreement with the Commission, Stipulating Defendants may, upon compliance with Section IV (Financial Statements) *infra*, pay from their individual personal funds reasonable, usual, ordinary, and necessary living expenses.

The funds, property, and assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

### III.

### DUTIES OF THIRD PARTIES
### HOLDING STIPULATING DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Stipulating Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Stipulating Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

1.      On behalf of, or for the benefit of, any Stipulating Defendant or any other party subject to Section II above;

2.      In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Stipulating Defendant or other party subject to Section II above; and

3.      That are subject to access or use by, or under the signatory power of, any Stipulating Defendant or other party subject to Section II above;

B.      Deny Stipulating Defendants access to any safe deposit boxes or storage facilities that are either:

1.      Titled in the name, individually or jointly, of any Stipulating Defendant, or other party subject to Section II above; or

2.      Subject to access by any Stipulating Defendant or other party subject to Section II above;

C.      Unless previously submitted in full compliance with the TRO, provide the FTC, within five (5) days of the date of service of this Order, a sworn statement setting forth:

1.      The identification number of each account or asset titled in the name, individually or jointly, of any Stipulating Defendant, or held on behalf of, or for the benefit of, any Stipulating Defendant or other party subject to Section II above, including all trust accounts managed on behalf of any Stipulating Defendant or subject to any Stipulating Defendant's control;

2.      The balance of each such account, or a description of the nature and value of such asset;

3.      The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Stipulating Defendant, or is otherwise subject to access or control by any Stipulating Defendant or other party subject to Section II above, whether in whole or in part; and

4.      If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

D.      Within five (5) days of a request from the FTC, provide the FTC with copies of all records or other documents pertaining to each such account or asset, including, but not limited

to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.      The FTC may properly serve this Order on any financial or brokerage institution, business entity or person that holds, controls or maintains custody of any account or asset of any Stipulating Defendant or has held, controlled or maintained custody of any account or asset of any Stipulating Defendant at any time since January 2014, by facsimile transmission, hand delivery or overnight carrier.  This Section shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled since January 2014.  This Section shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

## IV.

## **FINANCIAL STATEMENTS**

**IT IS FURTHER ORDERED** that, unless previously submitted in full compliance with the TRO, each Stipulating Defendant shall serve upon counsel for the FTC, no later than five (5) business days after service of this Order, a completed financial statement accurate as of the date of entry of this Order, on the forms served on Defendants with the TRO for Individual Defendants and for Corporate Defendants, as the case may be, signed under penalty of perjury.

The financial statements shall include assets held outside the territory of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath. Stipulating Defendants shall attach to these completed financial statements copies of all local,

state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

## V.

### MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A.     Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the incomes, disbursements, transactions, dispositions, and uses of Stipulating Defendants' assets;

B.     Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.     Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the FTC with a written

statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VI.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A.     Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint; and

B.     Benefiting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint;

*Provided, however,* that Stipulating Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## VII.

## COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that:

A.     Stipulating Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, shall fully cooperate with and assist the Receiver.  This cooperation and assistance shall include, but not be limited to:

1.     Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order;

2.     Providing any password required to access any computer, electronic file, or telephonic data in any medium; or

3.     Advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the Receiver.

B.     Stipulating Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from directly or indirectly:

1.     Transacting any of the business of the Receivership Defendant;

2.     Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendant, including, but not limited to, books,

records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings,

computer records, and other data compilations, electronically-stored records, or any other records

of any kind or nature;

        3.     Transferring, receiving, altering, selling, encumbering, pledging,

assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the

possession or custody of, or in which an interest is held or claimed by, the Receivership

Defendant, or the Receiver;

        4.     Excusing debts owed to the Receivership Defendant;

        5.     Failing to notify the Receiver of any asset, including accounts, of the

Receivership Defendant held in any name other than the name of the Receivership Defendant, or

by any person or entity other than the Receivership Defendant, or failing to provide any

assistance or information requested by the Receiver in connection with obtaining possession,

custody, or control of such assets;

        6.     Doing any act or refraining from any act whatsoever to interfere with the

Receiver's taking custody, control, possession, or managing of the assets or documents subject to

this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any

manner with the exclusive jurisdiction of this Court over the assets or documents of the

Receivership Defendant; or to refuse to cooperate with the Receiver or the Receiver's duly

authorized agents in the exercise of their duties or authority under any Order of this Court; or

        7.     Filing, or causing to be filed, any petition on behalf of the Receivership

Defendant for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without

prior permission from this Court.

**VIII.**

**DELIVERY OF RECEIVERSHIP PROPERTY**

**IT IS FURTHER ORDERED** that:

A.　　Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Stipulating Defendants shall transfer or deliver possession, custody, and control of the following to the Receiver:

　　　　1.　　All assets of the Receivership Defendant, including assets subject to repatriation pursuant to Section IX, *infra*;

　　　　2.　　All documents of the Receivership Defendant, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

　　　　3.　　All assets belonging to members of the public now held by the Receivership Defendant; and

　　　　4.　　All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendant, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, mail boxes, or other property.  This includes providing the necessary means to gain access to commercial mail boxes, including, but not limited to 8605 Santa Monica Boulevard, #81601, Los Angeles, California 90069, and 340 S. Lemon Avenue, #8881, Walnut, California 91789.

B.　　In the event any Stipulating Defendant fails to deliver or transfer any receivership asset or document or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the

Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the Receiver.

## IX.

## REPATRIATION OF ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants shall:

A.     Unless previously completed in full compliance with the TRO, within three (3) business days following service of this Order, take such steps as are necessary to repatriate to the territory of the United States of America all documents and assets that are located outside such territory and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually;

B.     Unless previously completed in full compliance with the TRO, within three (3) business days following service of this Order, provide the FTC with a full accounting of all documents and assets that are located outside of the territory of the United States of America or that have been transferred to the territory of the United States of America pursuant to Subsection A above and are held by or for any Defendant or are under any Defendant's direct or indirect control, jointly, severally, or individually, including the names and addresses of any foreign or domestic financial institution or other entity holding the documents and assets, along with the account numbers and balances;

C.     Hold and retain all such documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such documents or assets; and

D.     Unless previously completed in full compliance with the TRO, within three (3) business days following service of this Order, provide the FTC access to Defendants' records and documents held by financial institutions or other entities outside the territory of the United States of America, by signing and delivering to FTC counsel the Consent to Release of Financial Records attached to the TRO as Attachment A.

## X.

## <u>INTERFERENCE WITH REPATRIATION</u>

**IT IS FURTHER ORDERED** that Stipulating Defendants are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section of this Order, including, but not limited to:

A.     Sending any statement, letter, facsimile, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that assets have been fully repatriated pursuant to the preceding Section of this Order; and

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time as assets have been fully repatriated pursuant to the preceding Section of this Order.

## XI.

## <u>EXPEDITED DISCOVERY</u>

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a),

31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

    A.      Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

    B.      Demand the production of documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

    Three (3) days' notice shall be deemed sufficient for any such deposition, five (5) days' notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.  The provisions of this Section shall apply both to parties to this case and to non-parties.  The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such depositions

taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XIII of this Order.

## XII.

## <u>DISTRIBUTION OF ORDER BY STIPULATING DEFENDANTS</u>

**IT IS FURTHER ORDERED** that Stipulating Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, partners, divisions, sales entities, successors, assigns, members, officers, directors, employees, independent contractors, agents, servants, attorneys, spouses, representatives, and any other persons in active concert or participation with them. Within five (5) calendar days following service of this Order, Stipulating Defendants shall file with this Court and serve on the FTC an affidavit identifying the name, title, addresses, telephone numbers, date of service, and manner of service of the persons and entities Defendants have served with a copy of this Order in compliance with this provision.

## XIII.

## <u>SERVICE OF THIS ORDER</u>

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by United States First Class Mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of the FTC, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any person, financial institution, or other entity that may have possession or control of any property, property right, document, or asset of any Defendant, or that may be subject to any provision of this Order. Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XIV.

## CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer or credit report concerning any Stipulating Defendant to the FTC.

## XV.

## SERVICE UPON PLAINTIFF

**IT IS FURTHER ORDERED** that Stipulating Defendants shall serve all pleadings, memoranda, correspondence, affidavits, declarations, or other documents related to this Order or the FTC's motion for a preliminary injunction by: (1) e-mail at gward@ftc.gov and slevine1@ftc.gov; and (2) facsimile transmission to the FTC at (312) 960-5600, hand delivery to the offices of the FTC at 55 West Monroe Street, Suite 1825, Chicago, Illinois 60603, to the attention of Guy G. Ward and Samuel A.A. Levine, or overnight shipment through a third-party commercial carrier for delivery at the address listed above.

## XVI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 8th day of February, 2017.

Honorable Matthew F. Kennelly
United States District Judge
Northern District of Illinois