| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>CREDIT BUREAU CENTER, LLC., a limited liability company, formerly known as MYSCORE LLC, also doing business as EFREESCORE.COM, CREDITUPDATES.COM, and FREECREDITNATION.COM,<br><br>MICHAEL BROWN,<br>Individually and as owner and manager of CREDIT BUREAU CENTER, LLC,<br><br>DANNY PIERCE, individually, and<br><br>ANDREW LLOYD, individually,<br><br>Defendants. | Case No. 17-cv-00194<br><br>**DEFENDANT'S ANSWER** |

## **DEFENDANT ANDREW LLOYD'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Andrew Lloyd ("Defendant"), by and through his counsel, Gordon Law Group, Ltd., hereby answers the Complaint of the Plaintiff Federal Trade Commission ("FTC") and asserts his Affirmative Defenses thereto in the above-styled action as follows:

**1.** Defendant admits the allegations of Paragraph 1.

**2.** Defendant admits the allegations of Paragraph 2.

**3.** Defendant admits the allegations of Paragraph 3.

**4.** Defendant admits the allegations of Paragraph 4.

**5.** Defendant admits the allegations of Paragraph 5.

**6.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

1

**7.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

**8.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

**9.** Defendant admits that he resides in Beaver, Pennsylvania and has worked as an affiliate marketer, but denies all other allegations contained in Paragraph 9.

**10.** Paragraph 10 contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

**11.** Defendant denies the allegations of Paragraph 11.

**12.** With respect to Credit Bureau Center, LLC, and Danny Pierce, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12. With respect to Defendant, Defendant denies the allegation set forth in Paragraph 12.

**13.** With respect to Credit Bureau Center, LLC, Michael Brown, and Danny Pierce (collectively, "Other Defendants"), Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13. With respect to Defendant, Defendant denies the allegation set forth in Paragraph 13.

**14.** With respect to the Other Defendants, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14. With respect to Defendant, Defendant denies the allegation set forth in Paragraph 14.

**15.** Defendant denies allegations of Paragraph 15.

**16.** Defendant denies allegations of Paragraph 16.

**17.** Defendant denies allegations of Paragraph 17.

**18.** Defendant denies all allegations of Paragraph 18.

**19.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

**20.** Defendant denies allegations of Paragraph 20.

**21.** Defendant denies allegations of Paragraph 21.

**22.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

**23.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

**24.** Defendant denies allegations of Paragraph 24.

**25.** Defendant denies allegations of Paragraph 25.

**26.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

**27.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

**28.** Defendant denies allegations of Paragraph 28.

**29.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

**30.** Defendant denies allegations of Paragraph 30.

**31.** Defendant denies allegations of Paragraph 31.

**32.** Defendant denies allegations of Paragraph 32.

**33.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

**34.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

**35.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

**36.** Paragraph 36 contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

**37.** Defendant admits the allegations of Paragraph 37.

**38.** Defendant denies allegations of Paragraph 38.

**39.** Defendant denies allegations of Paragraph 39.

**40.** To the extent Paragraph 40 asserts legal conclusions, no response is required. To the extent a response is required, denied.

**41.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

**42.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

**43.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

**44.** To the extent Paragraph 44 asserts legal conclusions, no response is required. To the extent a response is required, admitted.

**45.** To the extent Paragraph 45 asserts legal conclusions, no response is required. To the extent a response is required, admitted.

**46.** To the extent Paragraph 46 asserts legal conclusions, no response is required. To the extent a response is required, admitted.

**47.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47.

**48.** To the extent Paragraph 48 asserts legal conclusions, no response is required. To the extent a response is required, admitted.

**49.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

**50.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50. Defendant is not required to respond to legal conclusions included in Paragraph 50.

**51.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51.

**52.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52. Defendant is not required to respond to legal conclusions included in Paragraph 52.

**53.** To the extent Paragraph 53 asserts legal conclusions, no response is required. To the extent a response is required, admitted.

**54.** Defendant states that Paragraph 54 references statutory text that speaks for itself and no response is required.

**55.** To the extent Paragraph 55 asserts legal conclusions, no response is required. To the extent a response is required, admitted.

**56.** To the extent Paragraph 56 asserts legal conclusions, no response is required. To the extent a response is required, admitted.

**57.** To the extent Paragraph 57 asserts legal conclusions, no response is required. To the extent a response is required, admitted.

**58.** To the extent Paragraph 58 asserts legal conclusions, no response is required. To the extent a response is required, admitted.

**59.** To the extent Paragraph 59 asserts legal conclusions, no response is required. To the extent a response is required, admitted.

**60.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60. Defendant is not required to respond to legal conclusions included in Paragraph 60.

**61.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61. Defendant is not required to respond to legal conclusions included in Paragraph 61.

**62.** Defendant denies the allegations set forth in Paragraph 62.

**63.** Defendant denies the allegations set forth in Paragraph 63.

### AFFIRMATIVE DEFENSES

In asserting the defenses as follows, Defendant does not assume any burden of production or proof that he would not otherwise have. In addition, Defendant is continuing to investigate Plaintiff's allegations and, therefore, reserves the right to amend his Answer and Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

As a general rule, a party must exhaust available administrative remedies before judicial relief will be granted. *Myers v. Bethlehem Shipbuilding Corp*., 303 U.S. 41 (1938).

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

Courts have held that good faith is not a defense for a violation of section 5 of the FTC Act. *E.g., FTC v. World Travel Vacation Brokers, Inc.,* 861 F.2d 1020, 1029 (7th Cir.1988). Nevertheless, if there has been a violation, the defendant's intent is relevant to the court's determination of appropriate relief. *See FTC v. Medicor LLC,* 2001 WL 765628, *2 (C.D.Cal. June 26, 2001) (denying motion to strike because good faith is relevant for determining whether to issue a permanent injunction and whether to hold defendants individually liable).

## THIRD AFFIRMATIVE DEFENSE

### (Offsets/Set-offs)

Any monetary relief should be offset by the benefit received by consumers, refunds paid to consumers, costs associated with the sale of services, and that any monetary relief awarded the government should be reduced by sums paid in the form of taxes and fees.

## FOURTH AFFIRMATIVE DEFENSE

### (Informed Consent)

The consumers alleged in the Complaint were informed of all material terms of the transactions at issue. For instance, the FTC acknowledges in Complaint Paragraphs 25, 28 the existence of disclosures informing consumers of the terms of the allegedly

deceptive business practices, which disclosures were sufficient to inform consumers of the material terms.

## FIFTH AFFIRMATIVE DEFENSE

### (No Reasonable Basis for Requested Relief)

There is no danger of recurrence of alleged similar violations. Defendant has affirmatively taken steps to prevent any recurrence of FTC Act violations. When determining the likelihood of recurrence, courts consider the deliberate nature of the presently alleged violation and the defendant's past record concerning unfair advertising practices. *See F.TC. v. Hang-Ups Art Enterprises, Inc.,* CV 95-0027 RMT(JGX), 1995 WL 914179 (C.D. CaL. Sept. 27, 1995). Defendant has no past record of violating the law.

## SIXTH AFFIRMATIVE DEFENSE

### (Third-Party Causation)

Any allegedly deceptive scheme asserted by the FTC was devised and proximately caused by other persons, entities, or forces, over which Defendant exerted no control and for which he was merely following orders. Accordingly, Defendant cannot be liable for actions taken by third-parties beyond Defendant's dominion and control.

## SEVENTH AFFIRMATIVE DEFENSE

### (Agency)

Any allegedly activities by the Defendant asserted by the FTC was undertaken in the Defendant's capacity as an agent of the other defendants. Accordingly, Defendant cannot be liable for actions taken as an agent.

Respectfully submitted this 21st day of March, 2017.

                                                GORDON LAW GROUP
*Attorneys for Defendant Andrew Lloyd*
400 Central Ave, Ste 340
Northfield, IL 60093
(847) 580-1279
abg@GordonLawLtd.com
By: s/Andrew Gordon_____