IN THE UNITED STATES DISTRICT COURT
FORT THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 14 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and STATE OF ILLINOIS<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT BUREAU CENTER, LLC, et al.<br><br>Defendants. | Case No.: 1:17-cv-194<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Judge Maria Valdez |

## DECLARATION OF MICHAEL BROWN
## PURSUANT TO 28 U.S.C. § 1746

I, Michael Brown, declare as follows:

1. My name is Michael Brown, and I am a United States citizen who is over the age of eighteen. Unless specifically stated, I have personal knowledge of the matters set forth in this Declaration and can competently testify to the facts stated herein.

2. I am named as a defendant in the above-captioned matter, including the Motion for an Order Holding David Ling and Defendant Michael Brown in Civil Contempt, ECF No. 82.

3. I was the Credit Bureau Center's ("CBC") Managing Director during the relevant period alleged in the FTC's Complaint.

4. I certify that I was not a member of the company Credit Data Partners LLC. Credit Data Partners was a service provider to Zenfia LLC ("Zenfia").

5. To satisfy the relief requested in the FTC's Motion, I am prepared to return $50,000 in funds to the Court-Appointed Receiver, even though I did not personally any profit from any

business activities conducted during the contempt period. Had the business activities been profitable, I would have potentially realized a profit of 15% of gross revenues, or approximately $21,000. However, in the spirit of cooperation and in good faith, I am prepared to return $50,000 from my personal IRA.

6. Although I am subject to an asset freeze and have a financial inability to pay, the FTC has indicated in the past that I may access my personal IRA account for the purposes of financing this litigation. To the extent the FTC allows access to the personal IRA, I will access those funds to return $50,000 to the Court-Appointed Receiver in good faith for the purpose of refunding customers billed through Credit Data Partners. I understand David Ling is also offering $40,000 for the same purpose.

7. I certify that, as of the date of this Declaration, I have destroyed all copies of all CreditScore 123 or CBC customer information in my possession or had access to pursuant to the relief requested in the FTC's Motion for Contempt.

8. I further certify that I promptly supplied in early March, after an extended phone call with the Receiver and FTC, the password necessary to the Receiver to access the customer support emails. Google was blocking the Receivers login attempts from California as suspicious and prompted Receiver with a security verification similar to security verifications on many banking websites. On May 31, 2017, I worked with the Court-Appointed Receiver to access to CBC Support emails. Working directly with the Receiver as opposed to one level removed through lawyers has been successful in resolving any and all outstanding issues I am aware of.

9. I also understand that, as of June 5, 2017, Mr. Ling, through counsel, produced copies of all customer transactions relating to CreditScores123 pursuant to the relief requested in the FTC's Motion for Contempt.

10. I also made a good faith attempt to comply with the Court's order and fully respect the Court's order.

11. Having read and understood the brief prepared by David Lings counsel in response to the Motion, for an Order Holding David Ling and Defendant Michael Brown in Civil Contempt, ECF No. 82, I join in on the arguments made for David Ling and generally agree with the brief.

I declare under penalty of perjury that the foregoing statement is true and correct.

Executed on June 8th, 2017

Michael Brown