UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) ) ) | |
| Plaintiff, | ) | Case No. 17-cv-194 |
| v. | ) ) ) | Judge Kennelly |
| CREDIT BUREAU CENTER, LLC, a limited liability company, formerly known as MYSCORE LLC, also doing business as EFREESCORE.COM, CREDITUPDATES.COM, and FREECREDITNATION.COM, | ) ) ) ) ) ) | |
| MICHAEL BROWN, individually and as owner and manager of CREDIT BUREAU CENTER, LLC, | ) ) ) ) ) | |
| DANNY PIERCE, individually, and | ) ) | |
| ANDREW LLOYD, individually, | ) ) | |
| Defendants. | ) ) | |

**STIPULATED ORDER FOR
PERMANENT INJUNCTION AND MONETARY JUDGMENT
AS TO DEFENDANTS DANNY PIERCE AND ANDREW LLOYD**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint

for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Section 13(b) of

the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and

Defendants Danny Pierce and Andrew Lloyd ("Stipulating Defendants") stipulate to entry of this

Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all

matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Stipulating Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the advertising, marketing, promoting, offering for sale, or sale of credit monitoring services.

3.      Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

4.      Stipulating Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Stipulating Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1.      "**Affiliate**" means any person, including third-party marketers, who participates in an affiliate program.

2.      "**Affiliate Network**" means any person who provides another person with affiliates for an affiliate program or whom any person contracts with as an affiliate to promote any product, service, or program.

3.      "**Affiliate Program(s)**" means (a) any arrangement under which any marketer or seller of a product, service, or program pays, offers to pay, or provides or offers to provide any form of consideration to any Stipulating Defendant, either directly or indirectly, to (i) provide the

marketer or seller with, or refer to the marketer or seller, potential or actual customers; or (ii) otherwise market, advertise, or offer for sale the product or service on behalf of the marketer or seller; or (b) any arrangement under which any Stipulating Defendant pays, offers to pay, or provides or offers to provide any form of consideration to any third party, either directly or through an affiliate network, to (i) provide any Stipulating Defendant with, or refer to any Stipulating Defendant, potential or actual customers; or (ii) otherwise market, advertise, or offer for sale any product, service, or program on behalf of any Stipulating Defendant.

4.    **"Defendants"** means Credit Bureau Center, LLC, formerly known as MyScore LLC, also doing business as eFreeScore.com, CreditUpdates.com and FreeCreditNation.com, and its successors and assigns, Michael Brown, Danny Pierce and Andrew Lloyd, individually, collectively, or in any combination.

5.    **"Stipulating Defendants"** means Danny Pierce and Andrew Lloyd, by whatever names they may be known, individually or collectively.

## I.    PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service, are permanently restrained and enjoined from:

A.    Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

1.    That a residential property described in an online ad is currently available for rent from someone consumers can contact through that ad;

2.      That a residential property will be shown to consumers who obtain their credit reports or scores from any particular source;

3.      The purpose of any communication with consumers; or

4.      Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## II.      PROHIBITED AFFILIATE PROGRAM ACTIVITIES

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service through an Affiliate Network or Program that a Stipulating Defendant owns, operates, or controls, or through an Affiliate or Affiliate Network to which a Stipulating Defendant provides or offers to provide any payment or other form of consideration, are permanently restrained and enjoined from failing to:

A.      Require each Affiliate and/or Affiliate Network to provide the following identifying information:

1.      In the case of a natural person, the Affiliate's or Affiliate Network's first and last name, physical address, country, telephone number, email address, and complete bank account information as to where payments are to be made to that person;

2.      In the case of a business entity, the Affiliate's or Affiliate Network's name and any and all names under which it does business, state of incorporation, registered agent, and the first and last name, physical address, country, telephone number, and email address for at

least one natural person who owns, manages, or controls the Affiliate or Affiliate Network, and the complete bank account information as to where payments are to be made to the Affiliate or Affiliate Network;

        3.      If Stipulating Defendants have access to certain Affiliates only through an Affiliate Network, then Stipulating Defendants shall contractually require each Affiliate Network to obtain and maintain from those Affiliates the identifying information set forth in Subsection A.1 and A.2 of this Section prior to the Affiliate's or Affiliate Network's participation in any Stipulating Defendant's Affiliate Program.

      B.      As a condition of doing business with any Affiliate or Affiliate Network or such Affiliate or Affiliate Network's acceptance into any Stipulating Defendant's Affiliate Program: (a) provide each such Affiliate or Affiliate Network a copy of this Order; (b) obtain from each such Affiliate or Affiliate Network a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with this Order; and (c) clearly and conspicuously disclose in writing that engaging in acts or practices prohibited by this Order will result in immediate termination of any Affiliate or Affiliate Network and forfeiture of all monies owed to such Affiliate or Affiliate Network; *provided, however*, that if Stipulating Defendants have access to certain Affiliates only through an Affiliate Network, then Stipulating Defendants shall contractually require that the Affiliate Network provide the information required by this Subsection to each of those Affiliates and retain proof of the same prior to any such Affiliate being used in any Stipulating Defendant's Affiliate Program; and if Stipulating Defendants should acquire an entity that has an existing program of selling through Affiliates, the entity must complete all steps in this Subsection prior to Stipulating Defendants' acquisition of the entity.

C.      Require that each Affiliate or Affiliate Network, prior to the public use or dissemination to consumers of any marketing materials, including, but not limited to, advertisements, websites, emails, and pop-ups used by any Affiliate or Affiliate Network to advertise, promote, market, offer for sale, or sell any goods or services, provide Stipulating Defendants with the following information: (a) copies of all marketing materials to be used by the Affiliate or Affiliate Network, including text, graphics, video, audio, and photographs; (b) each location the Affiliate or Affiliate Network maintains, or directly or indirectly controls, where the marketing materials will appear, including the URL of any website; and (c) for hyperlinks contained within the marketing materials, each location to which a consumer will be transferred by clicking on the hyperlink, including the URL of any website.  Stipulating Defendants shall also require each Affiliate or Affiliate Network to maintain and provide to Stipulating Defendants upon request records of the dates when the marketing materials are publicly used or disseminated to consumers.  *Provided, however*, that if Stipulating Defendants have access to certain Affiliates only through an Affiliate Network, then Stipulating Defendants shall contractually require that the Affiliate Network obtain and maintain the same information set forth above from each of those Affiliates who are part of any Stipulating Defendant's Affiliate Program prior to the public use or dissemination to consumers of any such marketing materials, and provide proof to such Stipulating Defendant of having obtained the same.

D.      Promptly review the marketing materials specified in Section II.C above as necessary to ensure compliance with this Order.  Stipulating Defendants shall also promptly take steps as necessary to ensure that the marketing materials provided to Stipulating Defendants under Section II.C above are the marketing materials publicly used or disseminated to consumers by the Affiliate or Affiliate Network.  If a Stipulating Defendant determines that use of any

marketing materials does not comply with this Order, such Stipulating Defendant shall inform the Affiliate or Affiliate Network in writing that approval to use such marketing materials is denied and shall not pay any amounts to the Affiliate or Affiliate Network for such marketing, including any payments for leads, "click-throughs," or sales resulting therefrom.  *Provided, however*, that if Stipulating Defendants have access to certain Affiliates only through an Affiliate Network, then Stipulating Defendants shall contractually require that the Affiliate Network comply with the procedures set forth in this Subsection as to those Affiliates.

E.      Promptly investigate any complaints that any Stipulating Defendant receives through any source to determine whether any Affiliate or Affiliate Network is engaging in acts or practices prohibited by this Order, either directly or through any Affiliate that is part of any Stipulating Defendant's Affiliate Program.

F.      Upon determining that any Affiliate or Affiliate Network has engaged in, or is engaging in, acts or practices prohibited by this Order, either directly or through any Affiliate that is part of any Stipulating Defendant's Affiliate Program, immediately:

1.      Disable any connection between the Stipulating Defendant's Affiliate Program and the marketing materials used by the Affiliate or Affiliate Network to engage in such acts or practices prohibited by this Order;

2.      Halt all payments to the Affiliate or Affiliate Network resulting from such acts or practices prohibited by this Order; and

3.      Terminate the Affiliate or Affiliate Network; *provided, however*, Stipulating Defendants shall not be in violation of this Subsection if Stipulating Defendants fail to terminate an Affiliate Network in a case where Stipulating Defendants' only access to an Affiliate who has engaged in acts or practices prohibited by this Order is through an Affiliate

Network and Stipulating Defendants receive notice that the Affiliate Network immediately

terminated the Affiliate violating this Order from any Stipulating Defendant's Affiliate Program.

### III. MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of Six Million Eight Hundred Thousand Dollars

($6,800,000) is entered in favor of the Commission against Stipulating Defendants, jointly and

severally, as equitable monetary relief.

B.      Stipulating Defendant Pierce is ordered to pay to the Commission One Hundred

Seventeen Thousand Dollars ($117,000), which, as Stipulating Defendant Pierce stipulates, his

undersigned counsel holds in escrow for no purpose other than payment to the Commission.

Such payment must be made within 7 days of entry of this Order by electronic fund transfer in

accordance with instructions previously provided by a representative of the Commission.

C.      Within 7 days of entry of this Order, Stipulating Defendant Lloyd is ordered to

pay to the Commission Six Hundred Forty-Five Thousand Dollars ($645,000) from the West-

Aircomm Federal Credit Union account ending "8017" held by Andrew Lloyd.  To effect such

payment, the Court directs that West-Aircomm Federal Credit Union shall, immediately upon

receiving notice of this Order, remit the funds to the Commission by electronic funds transfer or

otherwise in accordance with directions provided by a representative of the Commission.

D.      Upon the payment specified in Subsection III.B, the remainder of the judgment is

suspended as to Stipulating Defendant Pierce, subject to the Subsections below.  Upon the

payment specified in Subsection III.C, the remainder of the judgment is suspended as to

Stipulating Defendant Lloyd, subject to the Subsections below.

E.     The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.     The Financial Statements of Stipulating Defendant Pierce and his company Revable Network, LLC signed on January 19, 2017, including the attachments;

2.     The Declaration of Danny Pierce Regarding Financial Disclosures signed on April 28, 2017;

3.     The Financial Statement of Stipulating Defendant Lloyd signed on January 24, 2017, including the attachments; and

4.     The Declaration of Andrew Lloyd Regarding Financial Disclosures signed on April 26, 2017.

F.     The suspension of the judgment will be lifted as to any Stipulating Defendant if, upon motion by the Commission, the Court finds that the Stipulating Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Stipulating Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

H.      Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

J.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K.      Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers), which Stipulating Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

L.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, with the Court's prior approval, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Stipulating Defendants have no right to

challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## IV.     DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on Stipulating Defendants' assets pursuant to the Stipulated Preliminary Injunction as to Defendants Danny Pierce and Andrew Lloyd entered on February 8, 2017 (Dkt. No. 49) is modified to permit the payments and other transfers identified in Section III above.  Upon completion of all payments and other obligations identified in Sections III and VII, the freeze on Stipulating Defendants' assets is dissolved.  A financial institution shall be entitled to rely upon a letter from the Commission stating that the freeze on Stipulating Defendants' assets has been lifted.

## V.     CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

C.      Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.      COOPERATION

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Stipulating Defendants must provide truthful and complete information, evidence, and testimony. Stipulating Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VII.      ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.      Each Stipulating Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 5 years after entry of this Order, each Stipulating Defendant for any business that such Stipulating Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all

principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.       From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII.   COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A.       One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury.  Each Stipulating Defendant must:

1.       Identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

2.       Identify all business activities, including any business for which such Stipulating Defendant performs services whether as an employee or otherwise and any entity in which such Stipulating Defendant has any ownership interest;

3.       Describe in detail such Stipulating Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

4.       Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to

Page 13 of 18

communicate with Stipulating Defendant;

        5.      Identify all of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

        6.      Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendants must describe if they know or should know due to their own involvement);

        7.      Describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and

        8.      Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    B.      For 10 years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

        1.      Name, including aliases or fictitious name, or residence address;

        2.      Title or role in any business activity, including any business for which such Stipulating Defendant performs services whether as an employee or otherwise and any entity in which such Stipulating Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity;

        3.      Any designated point of contact; or

        4.      The structure of any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent,

or affiliate that engages in any acts or practices subject to this Order.

C.      Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Stipulating Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Danny Pierce and Andrew Lloyd*, FTC Matter No. X170014.

## IX.    RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, each Stipulating Defendant for any business that such Stipulating Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      Records relating to Affiliates or Affiliate Networks, including all names, addresses, and telephone numbers; dollar amounts paid or received; and information used in calculating such payments;

D.      Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

F.      Copies of all marketing materials, documents, and information received pursuant to Subsection I.C of this Order; and all written approvals or denials of marketing materials made pursuant to Subsection I.D of this Order; and

G.      A copy of each unique advertisement or other marketing material.

## X.      COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, each Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by

Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Stipulating Defendant.  Stipulating Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Stipulating Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Stipulating Defendants or any individual or entity affiliated with Stipulating Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Stipulating Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XI.      RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this 26th day of October, 2017.

_____
Honorable Matthew F. Kennelly
United States District Judge

Page 17 of 18

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

Date:

Guy G. Ward
Samuel A.A. Levine
Federal Trade Commission, Midwest Region
230 S. Dearborn Street, Suite 3030
Chicago, Illinois 60604
(312) 960-5634
gward@ftc.gov
slevine1@ftc.gov
*Attorneys for Plaintiff*
*Federal Trade Commission*

**FOR STIPULATING DEFENDANTS:**

Date:

Richard B. Newman
Hinch Newman LLP
40 Wall Street, 35th Floor
New York, New York 10005
(212) 756-8777
rnewman@hinchnewman.com
*Attorney for Defendant Danny Pierce*

Date:

Andrew B. Gordon
Gordon Law Group
400 Central Avenue, Suite 340
Northfield, Illinois 60093
(847) 580-1279
abg@gordonlawltd.com
*Attorney for Defendant Andrew Lloyd*

**STIPULATING DEFENDANTS:**

Date:

Danny Pierce, individually

Date:

Andrew Lloyd, individually

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

Date: 10/18/17

Guy G. Ward
Samuel A.A. Levine
Federal Trade Commission, Midwest Region
230 S. Dearborn Street, Suite 3030
Chicago, Illinois 60604
(312) 960-5634
gward@ftc.gov
slevine1@ftc.gov
*Attorneys for Plaintiff*
*Federal Trade Commission*

**FOR STIPULATING DEFENDANTS:**

Date: 8/22/17

Richard B. Newman
Hinch Newman LLP
40 Wall Street, 35th Floor
New York, New York 10005
(212) 756-8777
rnewman@hinchnewman.com
*Attorney for Defendant Danny Pierce*

Date: _____

Andrew B. Gordon
Gordon Law Group
400 Central Avenue, Suite 340
Northfield, Illinois 60093
(847) 580-1279
abg@gordonlawltd.com
*Attorney for Defendant Andrew Lloyd*

**STIPULATING DEFENDANTS:**

Date: 08/18/17

Danny Pierce, individually

Date: _____

Andrew Lloyd, individually

Page 18 of 18

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

_____          Date: _____

Guy G. Ward
Samuel A.A. Levine
Federal Trade Commission, Midwest Region
230 S. Dearborn Street, Suite 3030
Chicago, Illinois 60604
(312) 960-5634
gward@ftc.gov
slevine1@ftc.gov
*Attorneys for Plaintiff*
*Federal Trade Commission*

**FOR STIPULATING DEFENDANTS:**

_____          Date: _____

Richard B. Newman
Hinch Newman LLP
40 Wall Street, 35th Floor
New York, New York 10005
(212) 756-8777
rnewman@hinchnewman.com
*Attorney for Defendant Danny Pierce*

_____          Date: _8/18/17_

Andrew B. Gordon
Gordon Law Group
400 Central Avenue, Suite 340
Northfield, Illinois 60093
(847) 580-1279
abg@gordonlawltd.com
*Attorney for Defendant Andrew Lloyd*

**STIPULATING DEFENDANTS:**

_____          Date: _____

Danny Pierce, individually

_____          Date: _8/17/17_

Andrew Lloyd, individually

Page 18 of 18