# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17 C 194 |
| ) | |
| CREDIT BUREAU CENTER, LLC ) | |
| and MICHAEL BROWN, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON DEFENDANTS' MOTION TO MODIFY PRELIMINARY INJUNCTION, PLAINTIFF'S MOTION TO STRIKE JURY DEMAND AND DEFENDANTS' PETITION FOR ATTORNEY'S FEES

The Federal Trade Commission (FTC) sued Credit Bureau Center, LLC (CBC), Michael Brown, Danny Pierce, and Andrew Lloyd, seeking a permanent injunction and equitable relief for alleged violations of the Federal Trade Commission Act, the Fair Credit Reporting Act (FCRA), and the Restore Online Shoppers' Confidence Act (ROSCA). Together with the filing of the suit, the FTC sought an *ex parte* temporary restraining order, including an asset freeze and appointment of a receiver. Another judge of this Court, acting as emergency judge in the undersigned judge's absence, granted the motion.

The FTC then moved for a preliminary injunction. Pierce and Lloyd agreed to entry of a preliminary injunction against them. In February 2017, the Court held an evidentiary hearing on the FTC's motion with regard to CBC and Brown and then issued a written decision granting a preliminary injunction. *FTC v. Credit Bureau Center, LLC*, 235 F. Supp. 3d 1054 (N.D. Ill. 2017). The preliminary injunction, among other terms,

prohibits the defendants from making certain types of misrepresentations and material omissions and from violating the ROSCA and certain regulations under the FCRA; continues the asset freeze; requires defendants to maintain certain records and report certain types of new business activity; and continues the appointment of a receiver with authority to take possession of and manage assets and documents in the defendants' control. See dkt. no. 59. In July 2017, the Court held Brown in contempt for violating certain provisions of the preliminary injunction order and imposed a compensatory sanction in the amount of $141,522. See dkt. no. 106.

Brown and CBC later retained new counsel. They have now moved to modify the preliminary injunction to eliminate the asset freeze, dismiss the receiver, and return all documents and property seized or turned over as a result of the TRO or the preliminary injunction. New counsel has also petitioned for $30,000 in attorney's fees from the frozen funds. Finally, the FTC has moved to strike a jury demand recently filed by Brown and CBC.

1.  **Motion to modify preliminary injunction**

Brown and CBC argue that the preliminary injunction's asset freeze and receivership are improper because they are intended to hold assets for disgorgement and restitution, remedies that Brown and CBC contend are not properly authorized under the FTC Act. Specifically, they argue that the Supreme Court, in addressing purportedly parallel securities fraud statutes in Kokesh v. SEC, 137 S. Ct. 1635 (2017), "found that disgorgement and restitution were *penalties* designed to deter potential violators and therefore not authorized under the securities statute." Defs.' Mot. to Modify Prelim. Inj. at 1.

2

This is a considerable overstatement of *Kokesh*. The Supreme Court held in that case that disgorgement under the securities laws "operates as a penalty" and thus is governed by the five-year statute of limitations in 28 U.S.C. § 2462 for any "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture pecuniary or otherwise." *Kokesh*, 137 S. Ct. at 1645. That is all; the Court did not say anything about whether disgorgement and restitution were, as defendants claim, "authorized" under the securities statute. To the contrary, the Court specifically stated that "[n]othing in this opinion should be interpreted as an opinion on whether courts possess authority to order disgorgement in SEC enforcement proceedings." *Id.* at 1642 n.3.

Because there is no contrary Supreme Court authority, controlling Seventh Circuit law, which specifically authorizes disgorgement and restitution in FTC suits, still governs. *See, e.g., FTC v. Febre*, 128 F.3d 530, 534 (7th Cir. 1997); *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 571-72 (7th Cir. 1989). The Court sees nothing in the "principles" of *Kokesh*, Defs.' Mot. to Modify Prelim. Inj. at 1, undermining these decisions. And although defendants point to questioning during oral argument of *Kokesh* before the Supreme Court that suggests some justices may question whether the securities laws confer authority for disgorgement and restitution, it is rather reckless to contend that questions at oral argument render existing precedent infirm.

Defendants also argue that the seizure or required turnover of their documents and electronic records, as well as passwords, violates the Fourth Amendment; they ask the Court to require the FTC and the receiver to relinquish these materials. Defendants have forfeited this argument on multiple occasions, including by their failure to object to use of these materials during the preliminary injunction hearing and their failure to

3

object to the terms of the preliminary injunction on this basis. Even were the argument not forfeited, it lacks merit. There is no authority applying the Fourth Amendment's exclusionary rule in a civil proceeding like this one, and in any event the evidence submitted in support of the temporary restraining order and the preliminary injunction was more than sufficient to establish probable cause authorizing the Court's entry of an order permitting seizure or turnover of the materials in question.

For these reasons, the Court denies defendants' motion to modify the preliminary injunction.

**2. Motion for attorney's fees**

In dealing with previous counsel's petition for attorney's fees, the Court reviewed the principles governing a request to carve out from frozen assets funds to be used for attorney's fees and expenses. *See* dkt. no. 112 (order of Aug. 3, 2017). Those same principles govern here. Counsel has no legitimate reliance interest, because he came into the case with no understanding or representations regarding the availability of any of the frozen funds for fees. And as the Court stated in the earlier order, there is a significant interest in maintaining funds to satisfy claims by consumers. On the other hand, Brown and CBC have a legitimate interest in obtaining representation.

After considering these factors, the Court concludes, in its equitable discretion, that $15,000 should be released from the frozen funds to pay counsel, about half the amount requested. Counsel needs to understand, however, that this is it. The Court will not entertain further fee petitions prior to the final disposition of the case, barring an extraordinary change of circumstances.

### 3. Motion to strike jury demand

Because the case is not yet set for trial, there is no need to adjudicate at this point the FTC's motion to strike defendants' jury demand. The motion is entered and continued generally.

### Conclusion

For the reasons stated above, the Court denies defendants' motion to modify the preliminary injunction [156] and enters and continues general plaintiff's motion to strike defendants' jury demand [154]. The Court grants defendants' motion for attorney's fees in part [160, 161] and directs the release of $15,000 from the frozen funds to defendants' counsel of record. The case remains set for a status hearing, to be conducted by telephone, on January 19, 2018, but the time of the status hearing is advanced to 8:45 a.m. on that date. Counsel should be prepared to set a trial date.

Date: January 14, 2018

_____
MATTHEW F. KENNELLY
United States District Judge