UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Plaintiff,<br><br>v.<br><br>CREDIT BUREAU CENTER, LLC,<br>a limited liability company, formerly known as<br>MYSCORE LLC, also doing business as<br>EFREESCORE.COM, CREDITUPDATES.COM,<br>and FREECREDITNATION.COM,<br><br>MICHAEL BROWN,<br>individually and as owner and manager of<br>CREDIT BUREAU CENTER, LLC,<br><br>DANNY PIERCE, individually, and<br><br>ANDREW LLOYD, individually,<br>    Defendants. | Case No.: 1:17−cv−00194<br><br>Hon. Matthew F. Kennelly |

**RECEIVER'S MOTION FOR AN ORDER
<u>CLOSING RECEIVERSHIP AND RELATED RELIEF.</u>**

    Robb Evans & Associates LLC, in its capacity as court-appointed receiver for Defendant Credit Bureau Center LLC (the "Receiver"), moves for entry of an order (a) approving its final accounting and report; (b) approving on a final basis payment of all receiver's fees and expenses, including attorneys' fees paid pursuant to the its interim applications; (c) approval of a final distribution to the Federal Trade Commission of all receivership funds net of administrative costs, anticipated to be approximately $1,027,788.56; (d) authorizing the Receiver to destroy and dispose of all receivership business records and other documents belonging to the receivership entities; (e) exonerating the civil bond posted by the Receiver at the outset of its appointment; and (f) discharge the Receiver of all further duties and obligations in connection with the receivership estate.

**BACKGROUND**

On January 11, 2017, the Court granted the FTC's request for a temporary restraining order and appointed Robb Evans & Associates LLC as temporary receiver for Credit Bureau Center LLC (f/k/a MyScore LLC), including "any of its affiliates, subsidiaries, divisions, or sales or customer service operations, wherever located" (the "Receivership Defendant"). (*See* TRO [Dkt. #16] § VII.A (appointing receiving) and Definition ¶ 14 (defining "Receivership Defendant").) The Court directed the Receiver to file a $10,000 bond with the Court to secure the Receiver's performance of its obligations. (*Id.* at ¶VII.H.) On February 21, 2017, after the preliminary injunction hearing, the Court made the Receiver the permanent equity receiver on terms largely paralleling the TRO. (*See* Prelim. Inj. [Dkt. #59] § VII.A & Definition ¶ 13 ("Receivership Order").) After an initial period in which the Receiver actively identified and asserted control over receivership records and assets, the Receiver has over the last year largely transition to a custodial period in which the Receiver has maintained receivership assets.

In granting summary judgment in favor of the Plaintiff FTC, the Court directed the Receiver to take all appropriate steps to wind down the affairs of the receivership, submit a final report and fee application and distribute all remaining liquid assets to the FTC. (*See* Final Order [Dkt. #239] § XII, ¶ 4.) To that end, concurrently with this Motion, the Receiver has filed its final fee application. In this motion, the Receiver seeks various relief necessary to close the receivership estate.

**I. THE RECEIVER REQUESTS APPROVAL OF ITS FINAL REPORT AND ACCOUNTING.**

The Receiver has periodically apprised the Court of its activities and the status of the receivership through various reports, including: (a) Temporary Receiver's Report of Activities From January 12, 2017, through February 3, 2017 [Dkt. #36]; (b) Receiver's Report Regarding

Defendant's Compliance with the Court's TRO and Subsequent Preliminary Injunction [Dkt #63]; (c) Receiver's Status Report on Past, Present and Future Activities [Dkt. # 76]; and (d) Receiver's Report on Its Investigation of Misappropriation of Receivership Assets [Dkt. #79].

In addition, the Receiver has also detailed its activities through its applications for fees and expenses, for itself and its counsel, since the beginning of the receivership through present. (*See* 1st Fee App. [Dkt. No. 70] (covering a period from January 11, 2017, through February 28, 2017); 2d Fee App. [Dkt. No. 109] (covering a period from March 1, 2017, through April 30, 2017); and 3d Fee App. [Dkt. No. 165] (covering a period from May 1, 2017, through September 30, 2017); and Receiver's Final Motion for Approval of Fees and Expenses filed concurrently.)

Attached as Exhibit A to this Motion is the Receiver's Final Receivership Administration Collections, Expenses and Fund Balance report (the "Final Accounting"), which summarizes funds collected, fees and expenses incurred from the inception of the receivership through June 30, 2018 and estimates through the close of the receivership. The Fund Balance Report nominally covers the period through the end of June 2018 as that is the most recent period available for which all final accounting has been completed. Although not finalized to complete accounting accuracy, the estimate to close reflects actual funds collected and expenses incurred since June 30, 2018, plus an estimate of nominal expenses the Receiver expects to incur to implement the closing order. Such estimates assume that other than the administrative tasks associated with closing the receivership, the Receiver will not need to incur further costs or professional fees.

As reflected in its Final Accounting, the Receiver collected gross funds totaling $$1,174,877.85 from inception to June 30, 2018, and collected $10,207.46 since July 1, 2018.

To date, the receivership estate incurred total expenses of $239,659.22, including $16,678.47 in fees and expenses requested in its Final Fee Application, which remains subject to Court approval. Accordingly, the Receiver estimates that it will distribute funds of approximately $1,027,788.56 to the FTC. (*See* Ex. A.) Such estimates do not include any fees requested in Defendant's Motion to Disburse Funds from Receiver to Counsel for Attorney Fees [Dkt. #241], which remains pending as of the filing of this motion. Such amounts would correspondingly reduce the amount of the estimated distribution to the FTC.

The Receiver therefore requests the Court approve its final accounting and report of activities and approve the distribution of all liquid assets of the receivership estate net of administrative costs, including court-approved fees and expenses.

**II.    THE RECEIVER SEEKS ABANDONMENT AND DESTRUCTION OF RECORDS.**

As a part of assuming control of the Receivership Defendant, the Receiver took possession of those entities' business records, including copies of electronic records. To avoid the open-ended cost of storing these records for an indeterminate amount of time, the Receiver now seeks authority to abandon such records and arrange for their proper destruction.

**III.    THE RECEIVER ASKS FOR TERMINATION OF THE RECEIVERSHIP.**

Upon completing the forgoing activities, the Receiver will have fully discharged all of its obligations and duties provided in both the Receivership Order and the Final Judgment and Order. Accordingly, the Receiver requests the Court exonerate and release the $10,000 bond posted by the Receiver upon its appointment and otherwise approve the Receiver's activities taken with respect to the administration of the receivership as proper and in the best interests of the receivership estate, and discharge and release the Receiver and its professionals from any further obligations or responsibilities in connection with this receivership.

**WHEREFORE**, the Receiver requests the Court enter an order granting the following relief:

(a) Accepting and approving the Receiver's Final Accounting as attached to this Motion;

(b) Authorizing and directing the Receiver to pay all liquid assets of the receivership estate net of administrative costs, including court-approved fees and expenses;

(c) Authorizing the Receiver to abandon records of the Receivership Defendants and destroy all such records;

(d) Approving and confirming all actions and activities undertaken by or on behalf of the Receiver in connection with the administration of the receivership estate as in the best interests of the estate and fulfilling their obligations under the orders' appointing the Receiver;

(e) Exonerating and otherwise discharging the civil bond posted by the Receiver upon its appointment; and

(f) Discharging the Receiver, its agents, employees, members, officers, independent contractors, attorneys and representatives (collectively, the "Receiver Personnel"), and relieving the Receiver Personnel of all duties, liabilities and responsibilities pertaining to the receivership previously established in this action effective upon the wind up of the receivership estate,

payment of administrative expenses and final distribution of funds as ordered by the Court to be effective upon completion of all activities ordered in connection with this Motion.

Dated:  September 17, 2018            Respectfully Submitted,
**ROBB EVANS & ASSOCIATES LLC, RECEIVER**

By:  /s/  Blair R. Zanzig
      (One of Its Attorneys)

Blair R. Zanzig (No. 6273293)
Alex J. Whitt (No. 6315835)
**HILTZ & ZANZIG LLC**
53 West Jackson Blvd., Suite 205
Chicago, Illinois 60604
Telephone: 312.566.9008
Fax: 312.566.9115
bzanzig@hzlawgroup.com

*Counsel for Robb Evans & Associates LLC, as Receiver*

## CERTIFICATE OF SERVICE

      I, Blair R. Zanzig, an attorney, hereby certify that, on the 17th day of September 2018, I caused a true and correct copy of the foregoing **Receiver's Motion for an Order Closing Receivership and Related Relief** to be served through the Court's Electronic Case Filing System on the following:

Guy G. Ward, gward@ftc.gov
Samuel Aaron Abraham Levine, slevine1@ftc.gov
*Counsel for Plaintiff Federal Trade Commission*

Jonathan Lance Slotter, jslotter@cochelllawfirm.com
Lawrence C. Rubin, lrubin@taftlaw.com
Stephen Rudolph Cochell, srcochell@gmail.com
*Counsel for Defendants Credit Bureau Center, LLC and Michael Brown*

Andrew B Gordon, abg@gordonlawltd.com
*Counsel for Defendant Andrew Lloyd*

Jeremy Paul Kreger, jkreger@stahlcowen.com
Richard Brian Newman, rnewman@hinchnewman.com
*Counsel for Defendant Danny Pierce*

Rachel Hirsch, rhirsch@ifrahlaw.com
George Reid Calhoun, V, george@ifrahlaw.com
*Counsel for David Ling*

                                              /s/ Blair R. Zanzig