**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17 C 194** |
| | ) | |
| **CREDIT BUREAU CENTER, LLC** | ) | |
| **and MICHAEL BROWN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

MATTHEW F. KENNELLY, District Judge:

In 2018, the Federal Trade Commission sued Credit Bureau Center and Michael Brown (collectively, CBC) under section 13(b) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 53(b), section 5 of the Restore Online Shoppers' Confidence Act (ROSCA), 15 U.S.C. § 8404, and section 621(a)(1) of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s(a)(1).  *See* Compl. ¶ 1.  The FTC alleged that  CBC operated a deceptive marketing campaign that violated several consumer-protection statutes.  This Court entered a permanent injunction and ordered CBC to pay more than $5 million in equitable monetary relief to the Commission—restitution, as the Seventh Circuit called it.  *See FTC v. Credit Bureau Ctr., LLC*, 325 F. Supp. 3d 852 (N.D. Ill. 2018) (*Credit Bureau I*), *aff'd in part*, *vacated in part*, 937 F.3d 764 (7th Cir. 2019).

On appeal, the Seventh Circuit vacated the restitution reward after holding that section 13(b) does not authorize restitution.  *See FTC v. Credit Bureau Ctr., LLC*, 937 F.3d 764 (7th Cir. 2019) (*Credit Bureau II*), *cert. granted*, 141 S. Ct. 194 (2020),

*vacated*, 141 S. Ct. 810 (2020), *cert. denied*, 141 S. Ct. 195 (2020), and *cert. denied*, 209 L. Ed. 2d 743 (May 3, 2021). The Seventh Circuit affirmed all other portions of the Court's opinion. After the Seventh Circuit issued its mandate, the FTC filed a motion to amend this Court's judgment. The FTC asks that the Court reimpose the prior judgment pursuant to section 19 of the FTC Act, 15 U.S.C. § 57(b). CBC opposes the FTC's motion and has filed a countermotion to "enforce" the Seventh Circuit's mandate, which it reads as precluding the relief the FTC seeks.

For the reasons stated below, the Court grants the FTC's motion to alter or amend the judgment and denies CBC's motion.

## Background

CBC, along with affiliated marketers, schemed to bilk millions of dollars from consumers. Through a deceptive marketing campaign, consumers were directed to CBC websites where they believed they could receive a free credit report. Instead, the consumers were misled into enrolling in a monthly credit monitoring service in return for a monthly fee. From 2014 to 2017, CBC defrauded over 150,000 consumers out of almost 7 million dollars.

In 2017, the FTC filed a complaint against CBC and its affiliated marketers in this court. Of the five counts, four are important for the consideration of the present motion: counts 1 and 2, which alleged the defendants violated section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and counts 3 and 4, which alleged CBC violated section 4 of ROSCA, 15 U.S.C. § 8403. Citing section 13(b) of the FTC Act and section 5(a) of ROSCA, the FTC requested injunctive relief and restitution.

After close of discovery, the FTC and CBC filed cross-motions for summary

judgment. Citing section 13(b), the FTC asked for monetary relief totaling more than 5 million dollars—the amount consumers paid for CBC's credit monitoring service. CBC made numerous arguments for judgment in their favor, including that section 13(b) did not authorize monetary relief. The Court granted summary judgment on all five counts in favor of the FTC and denied summary judgment to CBC. *See Credit Bureau I*, 325 F. Supp. 3d at 870. Later, the Court entered a permanent injunction and awarded monetary relief consisting of restitution. *See generally* dkt. no. 239. The Court also retained jurisdiction "for purposes of construction, modification, and enforcement" of the judgment order. *Id.* at 33.

CBC appealed. In 2019, the Seventh Circuit affirmed much of the Court's opinion but vacated the restitution reward after holding that section 13(b) does not authorize restitution. *See Credit Bureau II*, 937 F.3d at 771–86. In doing so, the Seventh Circuit overruled its prior decision in *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564 (7th Cir. 1989), which authorized awards of restitution under section 13(b). *See Credit Bureau II,* 937 F.3d at 782–786. The Seventh Circuit stayed its mandate pending appeal to the Supreme Court.

The Supreme Court denied CBC's petition for writ of certiorari but granted the FTC's petition. *See Credit Bureau Ctr., LLC v. FTC*, 141 S. Ct. 195 (2020); *FTC v. Credit Bureau Ctr., LLC*, 141 S. Ct. 194 (2020). The case was meant to be consolidated with *AMG Capital Management LLC v. FTC*, but the Supreme Court vacated its grant later that year. *FTC v. Credit Bureau Ctr., LLC*, 141 S. Ct. 810 (2020). In 2021, a unanimous Supreme Court held that section 13(b) of the FTC Act does not authorize the FTC to seek equitable monetary relief such as restitution or disgorgement.

*AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341, 1344 (2021).  As such, courts across the country are no longer permitted to award monetary relief under section 13(b).  *See id*.

## Discussion

A party seeking to alter or amend judgment under Federal Rule of Civil Procedure 59(e) must "clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence."  *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).  Rule 59(e) is not an appropriate vehicle for advancing arguments that could have been raised previously, introducing evidence that could have been introduced earlier, or rehashing old arguments.  *Small v. Chao*, 377 F. Supp. 2d 665, 666 (C.D. Ill. 2003) (citing cases).

## A.    Overview of the parties' arguments

At bottom, the FTC asserts that it may seek monetary relief in this case pursuant to section 19 of the FTC Act (15 U.S.C. § 57(b))—a provision it did not cite in its complaint.  To understand why the FTC makes this assertion, one must start with a provision the FTC did cite:  section 5(a) of ROSCA.  *See* Compl. at 22.  Section 5(a) empowers the FTC to enforce ROSCA by treating violations of ROSCA as violations "of a rule under section 18 of the Federal Trade Commission Act (15 U.S.C. 57a) regarding unfair or deceptive acts or practices."  15 U.S.C. § 8404.  Section 18 of the FTC Act is one of the "enforcement mechanisms" at the FTC's disposal.  *Credit Bureau II*, 937 F.3d at 771.  Section 18 empowers the FTC to "promulgate rules that 'define with specificity acts or practices which are unfair or deceptive.'"  *Id.* (quoting 15 U.S.C. § 57(a)(1)(B)).

In short, section 5(a) of ROSCA treats a violation of ROSCA as a violation of a rule promulgated under section 18 of the FTC Act.  Section 5(a) goes on to say that the FTC "shall enforce this chapter in the same manner, by the same means, and with the same jurisdiction, powers, and duties as though all applicable terms and provisions of the Federal Trade Commission Act (15 U.S.C. 41 et seq.) were incorporated into and made a part of this chapter."  15 U.S.C. § 8404(a).  In other words, a violation of ROSCA—like a violation of a rule promulgated under section 18 of the FTC Act—may be enforced in the same manner, by the same means, and with the same powers enumerated in the FTC Act.  If a rule promulgated under Section 18 is violated, the FTC "can seek legal and equitable remedies, including restitution, from violators," under section 19 of the FTC Act.  *See Credit Bureau II*, 937 F.3d at 771 (citing 15 U.S.C. § 57b(a)(1), (b)).

With that statutory background in mind, the Court agrees with the FTC that section 5(a) of ROSCA plainly authorizes it to seek monetary relief for ROSCA violations via sections 18 and 19 of the FTC Act.  This, however, is not the end of the FTC's contentions.  The FTC also contends that because section 5(a) of ROSCA incorporates all of its enforcement authority under the FTC Act, by citing section 5(a) in its complaint, the FTC not only put CBC on notice about the factual basis for its ROSCA claim and the remedy sought (restitution), but also implicated an alternative avenue for seeking that remedy.  In its view then, the FTC is entitled to the same redress as awarded in the prior judgment, but under ROSCA and section 19 of the FTC Act rather than section 13(b).

CBC asserts a number of counterarguments and urges the Court to deny the

FTC's motion to alter the judgment. The Court addresses CBC's counterarguments in turn.

## B.    CBC's counterarguments

### 1.    Mandate rule and the law of the case doctrine

In response to the FTC's motion, CBC argues that the Court cannot amend its prior judgment because the Seventh Circuit's mandate does not "permit any further proceedings or motions by the parties." CBC Resp. Br. at 1. It contends that because the Seventh Circuit did not remand this case, it must have "*conclusively* decided the issue of whether the FTC had authority to pursue monetary damages against" CBC— irrespective of the statutory basis for such an award. *Id*. at 7. CBC also asserts that the FTC may not pursue its relief under an alternative statute because the "law of the case doctrine" precludes it. *Id*. at 10.

The FTC responds that the mandate rule only requires the Court to comply with the Seventh Circuit's expressed or implied rulings. FTC Reply Br. at 8–9. It is clear, the FTC says, that Seventh Circuit's mandate changed only one part of the Court's decision: it vacated the restitution award under section 13(b) because monetary relief is not available under that provision. *Id*. at 9. Because the Seventh Circuit did not expressly or impliedly address relief under section 19, the FTC contends, the Court is not precluded from granting it the same relief under that statutory provision. *Id*.

The Court agrees with the FTC. "The mandate rule requires a lower court to adhere to the commands of a higher court on remand." *Carmody v. Bd. of Trs. of Univ. of Illinois*, 893 F.3d 397, 407 (7th Cir. 2018) (internal quotation marks omitted). Even still, the circuit's mandate only controls "matters within its compass." *Moore v.*

*Anderson*, 222 F.3d 280, 283–84 (7th Cir. 2000) (internal quotation marks omitted). "On remand, the district court retains the authority to dispose of other issues not addressed." *Id.* Courts must consider "what issues were actually decided by the mandate," which requires a "careful reading of the reviewing court's opinion." *Id.* "The reach of the mandate is coextensive with the reach of [the appellate court's] holding, so observations or commentary touching upon issues not formally before the reviewing court do not constitute binding determinations." *Id.* (internal quotation marks omitted)*; see Big Ridge, Inc. v. NLRB*, 808 F.3d 705, 712 (7th Cir. 2015) (internal quotation marks omitted) (noting that the general rule is that "an appellate mandate governs only that which was actually decided").

The Seventh Circuit's opinion in this case plainly forecloses any further consideration of awarding restitution under section 13(b). But the Seventh Circuit did not address whether the FTC could pursue monetary relief under section 19 of the FTC Act, and thus it did not decide that issue. That issue was not before the Seventh Circuit. *See Moore*, 222 F.3d at 283–84. This Court's opinion did not consider the viability of restitution under section 19, and neither party raised arguments regarding restitution and that provision either here or before the Seventh Circuit.

CBC argues that monetary relief under the entirety of the FTC Act was "squarely before" the Seventh Circuit and was addressed by that court. CBC Reply Br. at 4 (emphasis omitted). As evidence, CBC points out that section 19 was referenced in the Seventh Circuit's opinion and at oral argument.[1] But the fact that section 19 was

---

[1] The Court is well aware that questions and statements at oral argument have no precedential effect. Yet, at oral argument before this Court, when asked if the Seventh

discussed during the parties' oral argument or mentioned in the Court's opinion is not proof that the Seventh Circuit considered restitution under section 19 and precluded it. The Seventh Circuit's opinion mentions section 19, but those references are mostly limited to contrasting its language with that of section 13(b). *See, e.g., Credit Bureau II*, 937 F.3d at 774 (citation omitted) ("Moreover, Congress expressly approved restitution as a remedy under § 57b(b) two years after enacting section 13(b) . . . . If section 13(b) permitted restitution as a general matter, Congress would have had no reason to enact § 57b, which authorizes restitution under narrower circumstances."); *id.* at 775 ("As we've explained, the Commission's reading of section 13(b) effectively nullifies § 57b. We cannot read § 57b(e) to authorize that self-defeating effect.").

The same was true during the parties' oral argument before the Seventh Circuit—the discussion of section 19 was almost entirely limited to contrasting that provision with section 13(b). *See FTC v. Credit Bureau Ctr., LLC*, Oral Argument Audio, United States Court of Appeals for the Seventh Circuit, http://media.ca7.uscourts.gov/sound/2019/ cm.18 2847.18-2847_04_17_2019.mp3 at 13:28–14:45; 26:13–29:06, 33:56–35:33, 35:34–36:19 (last visited Sept. 1, 2021). Given this context, CBC cannot viably maintain that by vacating the restitution, the Seventh Circuit decided not only that the FTC was not entitled to restitution under section 13(b) but also that it was not entitled to restitution under any other provision of the FTC Act or a related statute.

CBC's law of the case argument suffers the same fate as its mandate rule argument. "The law of the case doctrine is a corollary to the mandate rule and prohibits

---

Circuit decided that restitution was not available under section 19, CBC answered affirmatively and pointed the Court to the appellate oral argument.

a lower court from reconsidering on remand an issue expressly or impliedly decided by a higher court absent certain circumstances." *Carmody*, 893 F.3d at 407 (internal quotation marks omitted). The Court need not consider the exceptions to the law of the case doctrine. Because the Seventh Circuit did not decide, expressly or impliedly, that the FTC could not pursue monetary relief under section 19 of the FTC Act, CBC cannot argue that the law of the case doctrine precludes consideration of that argument now. *See id.*

CBC makes much of the fact that the Seventh Circuit did not include "remand" in its decretal language. *See* Hon. Jon O. Newman, *Decretal Language: Last Words of an Appellate Opinion*, 70 Brook. L. Rev. 727 (2005) ("'Decretal language' is the portion of a court's judgment or order that officially states ('decrees') what the court is ordering.") Though it's true the word "remand" does not appear in the Seventh Circuit's opinion, that omission does not restrict the Court, post-appeal, from considering post-judgment motions. Indeed, "every appellate court judgment vests jurisdiction in the district court to carry out some further proceedings." *Exxon Chem. Pats., Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1483 (Fed. Cir. 1998) (cited favorably in *Big Ridge*, 808 F.3d at 712). "[A] judgment that does not specifically provide for a remand speaks only to the issues incorporated in the mandate." *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999); *see also Indianapolis Colts v. Mayor & City Council of Baltimore*, 775 F.2d 177, 180 (7th Cir. 1985) (citation omitted) ("[T]his court's failure to rule on Baltimore's fee request in Indianapolis Colts, 'left the matter open for consideration by the District Court.'"). Moreover, "'the nature of the district court's remaining tasks is discerned not simply from the language of the judgment, but from the judgment in

9

combination with the accompanying opinion.'" *Ty, Inc. v. Publications Int'l, Ltd.*, No. 99 C 5565, 2003 WL 21294667, at *3 (N.D. Ill. June 4, 2003) (quoting *Exxon*, 137 F.3d at 1483).

Here, reading the mandate in conjunction with the opinion leaves just one definite conclusion: the availability of restitution under section 13(b) of the FTC Act is precluded. Because the mandate rule binds a lower court to only "the resolution of any points that the higher court has addressed," the Seventh Circuit's mandate does not preclude the Court from considering the merits of the FTC's motion to amend the judgment based on section 19. *See Kovacs v. United States*, 739 F.3d 1020, 1024 (7th Cir. 2014).

## 2. Waiver, forfeiture, and Rule 54(c)

Next, CBC argues that the FTC has waived or forfeited the grounds for alternative relief under section 19 of the FTC Act. CBC contends that by pursuing relief under section 13(b) instead of section 19, the FTC waived monetary redress under the latter provision. CBC Reply Br. at 7.

The FTC responds with three arguments. *See generally* FTC Reply Br. at 11–13. First, it asserts that Federal Rule of Civil Procedure 54(c) prevents waiver or forfeiture of appropriate relief. *See Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 112 (7th Cir. 1990) ("Fed. R. Civ. P. 54(c) requires courts to award the relief to which the prevailing party is entitled, even if that party did not request the relief or relied on the wrong statute."). Second, the FTC argues the legal standards for waiver are not met here because it did not intentionally relinquish or abandon a known right. Third, it argues that it did not forfeit its alternative grounds for relief because it included section

5(a) of ROSCA (which incorporates section 19) in its complaint. And even if that isn't so, the FTC says, any forfeiture was excused.

Here too, the FTC has the better arguments. Waiver is the "intentional relinquishment or abandonment of a known right." *Bourgeois v. Watson*, 977 F.3d 620, 629 (7th Cir. 2020) (internal quotation marks omitted). The FTC did not waive its ability to pursue relief under section 19 before this Court because it did not intentionally relinquish or abandon its entitlement to monetary relief under section 5(a) of ROSCA. As already noted, the FTC's complaint included section 5 among the provisions that authorized the action against CBC, *see* Compl. ¶ 1, and among the provisions in its prayer for relief, *see id*. at 22–23. The FTC did not need to separately cite section 19 of the FTC Act because section 5(a) of ROSCA incorporates section 19.

The FTC did not waive its right to relief under section 19 on appeal either. The Seventh Circuit has said that "the failure of an appellee to have raised all possible alternative grounds for affirming the district court's original decision, unlike an appellant's failure to raise all possible grounds for reversal, should not operate as a waiver." *Schering Corp. v. Illinois Antibiotics Co.*, 89 F.3d 357, 358 (7th Cir. 1996). That is because the ability to make an alternative argument in defense of a district court's judgment "is a privilege, not an obligation." *Frank v. Walker*, 819 F.3d 384, 387 (7th Cir. 2016). "Forcing appellees to put forth every conceivable alternative ground for affirmance might increase the complexity and scope of appeals more than it would streamline the progress of the litigation." *Id.* ((alterations accepted and internal quotation marks omitted); *see also Okoro v. Callaghan*, 324 F.3d 488, 489–90 (7th Cir. 2003). Thus, a "theory left open in both the district court and the court of appeals

11

remains open in the district court." *Frank*, 819 F.3d at 387. Though it cited section 5(a) of ROSCA in its complaint, the parties do not dispute that the FTC did not argue at summary judgment that it was also entitled to restitution under section 19 of the FTC Act. Nor did the FTC present that argument to the Seventh Circuit. Thus, that route for restitution "remains open." [2] *See id.*

CBC's forfeiture argument doesn't wash either. "Whereas waiver is the intentional relinquishment or abandonment of a known right, forfeiture is the mere failure to raise a timely argument, due to either inadvertence, neglect, or oversight." *Henry v. Hulett*, 969 F.3d 769, 786 (7th Cir. 2020) (internal quotation marks omitted). CBC says the FTC forfeited its ability to pursue damages under section 19 because it "put all its eggs" in the section 13(b) "basket." CBC Reply Br. at 7. But at the time the FTC drafted its complaint, it was the law in this circuit (and throughout much of the country) that section 13(b) was a permissible route to restitution. *See AMG Cap. Mgmt.*, 141 S. Ct. at 1351. So it can't be true that the FTC's decision not to raise an alternative ground for restitution was the result of "inadvertence, neglect, or oversight." *See Henry*, 969 F.3d at 786. The FTC was under no obligation to assert every conceivable ground for

---

[2] The cases cited by CBC do not command a different result. *See, e.g.*, *Door Sys., Inc. v. Pro-Line Door Sys., Inc.*, 83 F.3d 169, 173 (7th Cir. 1996) (emphasis added) ("An appellee *can* defend the judgment appealed from on any nonwaived ground, even if the district court did not address it . . . [but] [a]n appellee is not required to advance every possible ground for affirmance; and should the case be remanded it can advance the additional grounds in the district court, provided they have not been waived in that court."); *Cardoza v. CFTC*, 768 F.2d 1542, 1548 n.4 (7th Cir. 1985) (emphasis added) ("Contrary to plaintiff's assertion, the CFTC did not need to file a cross-appeal to raise the reviewability issue since as appellee the CFTC *may* defend a judgment on any ground."); *Massachusetts Mut. Life Ins. Co. v. Ludwig*, 426 U.S. 479, 481 (1976) (emphasis added) ("[I]t is likewise settled that the appellee *may*, without taking a cross-appeal, urge in support of a decree any matter appearing in the record.").

restitution.[3]

There's one additional ground that supports consideration of the FTC's motion: Rule 54(c). The Seventh Circuit has said that Rule 54(c) permits a court "to grant whatever relief is appropriate, including injunctive relief, even if the parties have not specifically requested it." *Old Republic Ins. Co. v. Employers Reins. Corp.*, 144 F.3d 1077, 1081 (7th Cir. 1998); *see also Medici v. City of Chicago*, 856 F.3d 530, 532 (7th Cir. 2017); *Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 948 (7th Cir. 2006); *Travis*, 921 F.2d at 112. That reasoning applies here. Though at summary judgment the FTC did not specifically request restitution pursuant to section 19, that relief is still appropriate.

CBC attempts to distinguish *Travis* and *Old Republic*, but in doing so makes it clear those cases aren't that distinguishable. *See* CBC Reply Br. at 14–15. It is not "clear" that had the plaintiff in *Travis* not pled the alternative statute, she would not have been awarded damages. *See* CBC Resp. Br. at 17. The court in *Travis* did not say that. But even if it did, the FTC actually cited in its complaint section 5(a) of ROSCA, which incorporates section 19. *See* 15 U.S.C. § 8404. Thus, *Travis* would be on point regardless. CBC's citation to *In re Rivinius, Inc.*, 977 F.2d 1171, 1177 (7th Cir. 1992), is also unavailing. There, the court said that Rule 54(c) did not allow a defendant "to obtain relief based upon a contribution theory that was not properly raised at trial." *Id.* But even if the FTC hadn't included section 5(a) of ROSCA in its complaint, the failure to

---

[3] And even if the FTC had forfeited the issue, that forfeiture would be forgiven due to exceptional circumstances, particularly in light of the change in the law. *See Bourgeois*, 977 F.3d at 631. As the FTC notes, forfeiture in this case would harm "innocent third parties," i.e., those defrauded by CBC. *See id.*

include an alternative statutory provision upon which the plaintiff could seek relief is not the same as a defendant's failure to serve a crossclaim for contribution. CBC also contends that Rule 54(c) does not allow the district court to award relief "to a party that has not prevailed." CBC Resp Br. at 15 (citing *Pearson v. Fair*, 935 F.2d 401, 414 (1st Cir. 1991)). Aside from the fact that the FTC *was* the party that prevailed in this Court, the plain words of Rule 54(c) are not limited to the prevailing party. *See* Fed. R. Civ. P. 54 ("Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.").

In sum, under the above-cited precedent, the FTC's failure at summary judgment or on appeal to proffer an alternative basis for the restitution award does not bar it from offering such a basis now before this Court.

### 3. Rule 59(e)

The FTC asserts that its motion is proper under Rule 59(e) because there was a change in the intervening law, specifically, the Seventh Circuit overturned its prior precedent and created a circuit split on this issue. *See Romo*, 250 F.3d at 1121 ("Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence."); *Cosgrove*, 150 F.3d at 732.

CBC argues that Rule 59(e) does not apply here because there was no intervening change in the law outside of this case. In other words, CBC argues that though the Seventh Circuit overturned its precedent in *Credit Bureau II* (a sea-change in the interpretation of section 13(b) of the FTC Act), because that decision came in this case rather than in another, it is not an "intervening" change in the law. CBC Resp. Br.

at 11–12 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

CBC's argument is unpersuasive. As the Court has explained, the law of the case doctrine does not preclude the Court's consideration of section 5(a) of ROSCA (or section 19 of the FTC Act), because the Seventh Circuit did not expressly or impliedly consider the availability of restitution under those provisions. *Christianson* does not say anything that would change that conclusion. *See Christianson*, 486 U.S. at 817 ("[T]he law-of-the-case doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.'").

CBC also cites Wright & Miller's Federal Practice and Procedure, which is just as unconvincing here as its citation of *Christianson*. The portion CBC relies on is not nearly as supportive as it thinks. The treatise only says that "the most obvious justifications for departing from the law of the case arise when there has been an intervening change of law outside the confines of the particular case." Law of the Case, 18B Fed. Prac. & Proc. Juris. § 4478 (2d ed. 2021). Again, there is no "law of the case" to depart from here. But even if there was, saying that a particular situation presents the most obvious justification is not the same as saying it presents the only justification. And the treatise goes on to say that the "easiest cases occur when the law has been changed by a body with greater authority on the issue," i.e., the law has been changed by "a court higher in the hierarchy of a single court system." *Id.* That is exactly what happened here.

CBC's remaining arguments on this issue don't move the needle either. As discussed above, the FTC did not waive restitution under section 19 of the FTC Act because it cited section 5(a) of ROSCA in its complaint and an appellee need not

supply the appellate court with "every conceivable alternative ground for affirmance." *See Frank*, 819 F.3d at 387.

Also unavailing are CBC's arguments regarding *JTH Tax, Inc. v. Aime*, 744 F. App'x 787, 794 (4th Cir. 2018) (*Aime I*) and *JTH Tax, Inc. v. Aime*, 984 F.3d 284 (4th Cir. 2021) (*Aime II*). In *Aime I,* the Fourth Circuit held that a district court erred when it determined that the parties agreed to a valid and enforceable extension of the deadline for a buyback provision in an agreement between the parties. *Aime I*, 744 F. App'x at 794. After concluding that the defendant's offer to extend lacked consideration and that the promise was therefore a gratuitous one, the court vacated the district court's judgment "to the extent it relied on the validity of the deadline extension." *Id.* at 793; *see also id.* at 794 ("But as we've explained, the court erred in finding that Liberty Tax and Aime validly extended the PSA's buyback option, and so Aime wasn't entitled to damages resulting from Liberty Tax's refusal to sell back his former franchises. On remand, the district court should enter appropriate damages consistent with those principles.")

After remand and the district court's issuance of its post-remand judgment, Aime filed a motion to reconsider and for the first-time sought disgorgement. *Aime II*, 984 F.3d at 290. Although the Fourth Circuit held that Aime was not entitled to damages based on the gratuitous extension of the buyback deadline, Aime argued that disgorgement was the proper remedy for the defendant's "breach." *See id* at 290–91. The district court concluded disgorgement damages were not available to Aime, and he appealed. *Id.* at 290.

In *Aime II*, the Fourth Circuit affirmed for two main reasons. Its initial reason was

that Aime raised his disgorgement theory for the first time in his motion to reconsider—
"after years of litigation, a bench trial, an appeal . . . , and a damages proceeding upon
remand." *Id.* Because Aime could have raised his disgorgement theory before the
district court, during his first appeal, or during the damages proceeding upon remand,
the court concluded that the motion to reconsider was properly denied. *Id.*

The other reason the Fourth Circuit affirmed the district court was that the
mandate rule procedurally barred Aime from pursuing disgorgement. *Id.* at 291. The
court first noted that it had already determined that the "buyback deadline was not
validly extended, meaning that Aime wasn't entitled to damages resulting from Liberty
Tax's refusal to sell back his former franchises." *Id.* (internal quotation marks omitted).
Because Aime's basis for disgorgement was based on Liberty's refusal to sell back the
franchises, that argument contradicted the court's prior mandate. *Id.* The court also
explained that the mandate rule bars "any issue that could have been but was not
raised on appeal." *Id.* (internal quotation marks omitted). Given that "Aime raised a
new legal theory to obtain the same damages that the district court and [the Fourth
Circuit had] denied him on his previous theory," his argument was barred by the
mandate rule which does not permit new arguments or legal theories on remand. *Id.* at
291–92.

Returning to the case before the Court, more than a few points distinguish this
case from the *Aime* cases. First, the plaintiff in *Aime* sought a new remedy for the
damages the Fourth Circuit denied him under a previous theory, after the Fourth Circuit
had conclusively determined that he was not entitled to damages on the defendant's
refusal to sell back his former franchises. *See id.* at 290–92. Here, the FTC is pursuing

17

restitution under section 19—the same remedy it sought under section 13(b)—after the Seventh Circuit determined only that it was not entitled to damages under section 13(b). The Seventh Circuit did not conclusively determine that the FTC could not pursue damages under any another portion of the FTC Act or ROSCA, and it did not determine that CBC had not violated ROSCA.

Second, unlike Aime, who failed to seek disgorgement in his pleadings and only sought disgorgement after post-remand judgment was entered, the FTC included section 5(a) of ROSCA in its complaint in this case, and it asserted its entitlement to relief under section 5(a) of ROSCA on remand. *See id.* at 291. Moreover, unlike in *Aime* where disgorgement would have been considered for the first time following remand*,* the FTC's entitlement to restitution was already litigated in this Court before the appeal. *See id.* In short, the Fourth Circuit's discussion of Rule 54(c) as it applied in Aime's case is not persuasive in the present context.

Third, there was no intervening change in controlling law in *Aime. See id.* at 289–90. Here, there has been. Thus, the Fourth Circuit's conclusions regarding Rule 59(e) and its application to Aime are not entirely on point. Even if they were, the FTC's entitlement to restitution under section 5(a) of ROSCA is not a new theory in the way disgorgement was in *Aime*, because section 5(a) was included in the FTC's complaint in this case. *See id.* at 291–92.

Finally, to the extent that CBC argues that *Aime* supports its waiver argument, it is incorrect. Part of the reason the Fourth Circuit affirmed was that "the district court properly concluded that Aime could have raised his disgorgement theory during the litigation, before [the Fourth Circuit] on appeal, or during the damages proceeding upon

18

remand, but failed to do so." *Id.* at 290. Again, in this case the FTC asserted its entitlement to damages under section 19 of the FTC Act (via section 5(a) of ROSCA) on remand, not after the post-remand judgment had been entered. But even if *Aime* could support the proposition that failure to argue an alternative basis for restitution constitutes waiver, *Aime* would seemingly contradict the Seventh Circuit's holdings in *Schering*, *Okoro*, and *Frank*. *See, e.g.*, *Frank, 819* F.3d at 387 ("A theory left open in both the district court and the court of appeals remains open in the district court.").

For these reasons, the Court determines that the *Aime* cases do not govern this one and concludes that Rule 59(e) permits the Court to grant the relief the FTC requests.

### 4. "Unclean hands" and unfair prejudice

CBC next contends that the doctrine of unclean hands bars consideration of the FTC's motion. "The doctrine of 'unclean hands' . . . . nowadays just means that equitable relief will be refused if it would give the plaintiff a wrongful gain." *Scheiber v. Dolby Labs., Inc.*, 293 F.3d 1014, 1021 (7th Cir. 2002). According to CBC, the FTC has unclean hands because it knowingly and intentionally misused section 13(b) knowing that Congress did not intend it to be used to obtain monetary damages. CBC Resp. Br. at 3.

Not only is CBC's argument unpersuasive, it also ignores key facts. From the day the complaint was filed until the Seventh Circuit decided the appeal in this case, there was controlling circuit precedent permitting the FTC to seek restitution using section 13(b). *See Amy Travel*, 875 F.2d at 564; *Credit Bureau Ctr.,* 937 F.3d at 782–86. In fact, prior to *AMG Capital*, eight circuits permitted the FTC to seek monetary

damages under section 13(b).  *AMG Cap. Mgmt.*, 141 S. Ct. at 1351.  It cannot be true that a party who proffers arguments based on overwhelming and longstanding precedent has unclean hands once that precedent is overturned after over 30 years. The fact that other parties had been arguing against the prior interpretation of section 13(b) might be proof that wisdom comes late—even to courts—but it is not proof that the FTC is an abusive litigant.

CBC's unfair prejudice argument is similarly unpersuasive.  As the FTC notes, CBC admits it "knew early in these proceedings (in 2017) that consumer redress was available under Section 19, and that the FTC was seeking to recover the full amount consumers lost to their scheme."  FTC Reply Br. at 7 (citing CBC Resp. Br. at 13). What exactly would be changed by seeking relief under section 19 (via section 5(a) of ROSCA) instead of section 13(b) of FTC Act?  CBC had an opportunity to oppose, and did oppose, the requested award of restitution.  The same relief is being requested for the same misconduct.  CBC does not explain how it would have presented its case differently.  Its bare proclamation that it would have done so does not hold water.

The out-of-circuit cases CBC cites do not change anything.  *See* CBC Resp Br. at 18–19.  If it's true that Rule 54(c) is inapplicable where a party fails to plead a certain relief, that is not an issue here.  The FTC's complaint included monetary damages among the relief requested.

In short, the FTC does not have unclean hands, and CBC will not suffer unfair prejudice if the FTC's Rule 59(e) motion is granted.

### 5.    The (non-) effect of recent caselaw

CBC contends that the Supreme Court's recent decision in *Liu v. SEC,* 140 S. Ct.

1936 (2020), limits the availability of damages in this case to "net profits derived from the underlying fraud." CBC Reply Br. at 9. That conclusion can be drawn only by extrapolating. The Supreme Court in *Liu* held that courts were not permitted to enter "disgorgement awards that exceed the gains 'made upon any business or investment, when both the receipts and payments are taken into the account.'" *Liu*, 140 S. Ct. at 1950.

The present motion does not involve the remedy of disgorgement, nor does this case involve 15 U.S.C. § 78u(5), the Securities Exchange Act, or the Securities Exchange Commission and thus *Liu* is not applicable here. Other district courts have reached this same conclusion. *See, e.g.*, *FTC v. On Point Glob. LLC*, No. 19-25046-CIV, 2020 WL 5819809, at *4 (S.D. Fla. Sept. 30, 2020) (internal quotation marks omitted) ("While the Defendants argue that *Liu* may impact this proceeding, this Court cannot extrapolate that fact when the Supreme Court's holding in *Liu* dealt with the wrong agency, the wrong statute, and the wrong remedy."); *FTC v. Noland*, No. CV-20-00047-PHX-DWL, 2020 WL 4530459, at *4 (D. Ariz. Aug. 6, 2020) ("Additionally, *Liu* addressed the disgorgement remedy the SEC may seek under its governing statute and didn't once discuss the FTC, which is governed by an entirely different statute. Given the presence of textual differences between the two statutes, it would be improper to read *Liu* as necessarily curtailing the scope of the FTC's authority.").

To the extent CBC argues that the FTC must trace particular funds, that same argument was rejected in this Court's prior opinion. *See Credit Bureau I*, 325 F. Supp. 3d at 869 ("The FTCA authorizes legal restitution, which does not impose the same tracing requirements."). Neither *Liu* (in which tracing is discussed only in the dissent)

nor *AMG Capital* (in which the word "tracing" does not even appear) undermine the Court's earlier conclusion.  Finally, the Court rejects, for the same reasons, CBC's re-asserted argument that the restitution amount has been improperly calculated.  *See Credit Bureau I*, 325 F. Supp. 3d at 869 (rejecting each of CBC's calculation-related challenges).

### 6. Statutory interpretation

CBC makes a few statutory interpretation arguments that are only a little more than cursory.  First, it argues that the FTC lacks authority to seek consumer redress in this case because it did not commence an action under 15 U.S.C. § 56(a)(2)(B) or section 19 "as required."  *See* CBC Reply Br. at 7.  Assuming this argument isn't forfeited because CBC did not make it until its reply brief, *see O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020), it is forfeited and lacking in merit given the cursory way in which CBC makes the point.  *See Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 833 (7th Cir. 2014) (determining an argument was forfeited because it was "perfunctory and underdeveloped"); *Gonzales v. Madigan*, 403 F. Supp. 3d 670, 679 (N.D. Ill. 2019) (Kennelly, J.), *aff'd*, 990 F.3d 561 (7th Cir. 2021).  Title 15, section 56(a)(2)(B) of the United States Code gives the FTC, in any civil action under section 19, "exclusive authority to commence or defend, and supervise the litigation of, such action and any appeal of such action in its own name by any of its attorneys designated by it for such purpose."  15 U.S.C. § 56(a)(2)(B).  The provision requires the FTC to "inform the Attorney General of the exercise of such authority."  15 U.S.C. § 56(a)(2).  CBC does not explain how the FTC erred in exercising its exclusive authority under section 19, nor does it contend that the FTC failed to inform the Attorney General that it intended to

exercise its authority.

Moreover, contrary to CBC's argument, neither section 19 nor 15 U.S.C. §
56(a)(2)(B) "condition[ ] relief . . . on commencing a civil action" under section 56
(a)(2)(B).  *See* CBC Reply Br. at 7.  Nothing in either cited provision even hints at such
a requirement.  Section 56 is not even referenced in section 19.  *See* 15 U.S.C. § 57b.
And, as previously discussed, the FTC cited section 5(a) of ROSCA in its complaint,
along with section 13(b), which incorporates section 19.  In short, the FTC did allege its
basis for enforcement.

Second, CBC also argues for the first time in its reply brief that section 18 of the
FTC Act, 15 U.S.C. § 57a, does not incorporate the remedies in section 19.  CBC Reply
Br. 10–11 ("The FTC asks the Court to *imply* that Section 18 actually alleges a cause of
action brought under Section 19 allowing the recovery of monetary damages and
injunctive relief.").  In CBC's view, section 18 of the FTC Act is not an enforcement
statute and thus the FTC cannot use it to pursue restitution.  Even assuming this
argument is not forfeited, *see O'Neal*, 961 F.3d at 974, it is hobbled by a few
misunderstandings.  At the outset, section 18 *is* an enforcement statute.  The Seventh
Circuit has already said as much.  *Credit Bureau II*, 937 F.3d at 771 (referring to section
18 as one of the FTC's "enforcement mechanisms" because under section 18 the FTC
may promulgate rules that "preemptively resolv[e] whether certain conduct violates the
FTCA" and "pursue 'quick enforcement' actions against violators.").

That aside, the FTC is not attempting to use section 18 to seek monetary relief.
Again, section 5(a) of ROSCA "plainly authorizes the FTC to seek equitable monetary
relief to redress consumer injury resulting from ROSCA violations."  *FTC v. Cardiff*, No.

23

ED CV 18-2104-DMG (PLA), 2021 WL 3616071, at *2 (C.D. Cal. June 29, 2021).

Section 5(a) treats a violation of ROSCA the same as "a violation of a rule under section

18 of the FTCA."  15 U.S.C. § 8404(a).  In enforcing section 5(a), the FTC is authorized

to use "the same manner . . . the same means . . . the same jurisdiction, powers, and

duties as though all applicable terms and provisions of the Federal Trade Commission

Act (15 U.S.C. 41 et seq.) were incorporated into and made a part of this chapter."  *Id*.

Section 19 of the FTC Act gives the FTC license to pursue equitable monetary

damages, and that section is incorporated by reference in Section 5(a) of ROSCA.

### 7.    Notice pleading

CBC also makes a few arguments about the nature and sufficiency of the FTC's

complaint.  First, it contends the FTC did not adequately plead its request for monetary

relief under section 5(a) of ROSCA.  Specifically, CBC contends that because the FTC

failed to explicitly invoke section 19 in its complaint, it cannot use that provision now.

CBC argues that it lacked "notice" and was prevented from making "a realistic appraisal

of the case," so that its "settlement and litigation strategy could be based on knowledge

and not speculation."  CBC Resp. Br. at 19 (alterations accepted and internal quotation

marks omitted).  The FTC argues that by citing section 5(a) in its complaint, it put CBC

on notice about the factual basis for its ROSCA claim, the remedy sought (restitution),

and one avenue for seeking that restitution.

The FTC has the better of this dispute.  In the complaint, the prayer for relief

includes section 5 of ROSCA among the provisions that entitled the Court to grant the

various forms of relief the FTC requested.  Compl. at 22–23.  In the complaint, the FTC

specifically asked the Court to award relief "necessary to redress injury to consumers

24

resulting from Defendants' violations of . . . ROSCA . . . including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies." *Id.* at 22. That seems more than sufficient to meet the notice pleading requirements in Federal Rule of Civil Procedure 8(a)(2), which "requires only that a complaint plead 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581 (7th Cir. 2021). "[T]here is no rule requiring parties to plead legal theories or elements of a case." *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019).

As discussed earlier, the Court is unmoved by CBC's claims of unfair prejudice. Aside from the particular route to an award of restitution, nothing will materially change. The FTC seeks the same remedy, for the same reasons, and for the same victims under section 5(a) via section 19 as it did under section 13(b). And though CBC says it would have presented its case differently, as discussed earlier it does not explain how this is so.

Next, CBC argues that the FTC did not establish subject matter jurisdiction. In cursory fashion, CBC contends that the FTC's failure to allege its authority under section 19 is a "matter of subject matter jurisdiction." *See* CBC Reply Br. at 11 n.6. But, in the complaint, the FTC cited section 5(a) among others when alleging that it was "authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act [and] ROSCA . . . and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill gotten monies." *See* Compl. ¶ 5.

25

The FTC also cited section 5(a) in the portion of the complaint where it alleged this Court had subject matter jurisdiction. *See id.* ¶ 2; *see also id.* ¶ 1. In short, it's not true that the FTC failed to allege its authority.

In sum, because the complaint sufficiently tied the FTC's factual allegations and claims for relief to the ROSCA violation, the invocation of section 5(a) of ROSCA was enough to put CBC on notice about "the methods of enforcement and nature of relief available under Section 19." *See Cardiff*, 2021 WL 3616071, at *2.

## B. FTC's motion to alter or amend judgment

With CBC's counterarguments dispatched, the Court moves on to consider the FTC's motion. The Court is persuaded that it has the authority to amend the prior judgment under Rule 59(e) due to the intervening change in the law. *See Romo*, 250 F.3d at 1121; *Cosgrove*, 150 F.3d at 732. Specifically, *Amy Travel,* which recognized section 13(b) of the FTC Act as an appropriate ground on which to grant monetary relief, was overturned after judgment was entered in this case. *See Credit Bureau II*, 937 F.3d at 771–86. The Court will amend its prior judgment and award the same consumer redress, this time under ROSCA and section 19 of the FTC Act.

## Conclusion

For the foregoing reasons, the Court grants the FTC's motion to alter or amend its judgment [dkt no. 275] and denies CBC's countermotion [dkt. no. 277]. The Court will separately enter the FTC's proposed final judgment and order while reserving the right to make appropriate modifications.

Date:  September 13, 2021

MATTHEW F. KENNELLY
United States District Judge

26