IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 17 C 194 |
| CREDIT BUREAU CENTER, LLC, MICHAEL BROWN, DANNY PIERCE, and ANDREW LLOYD, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

In 2017, the Federal Trade Commission sued Credit Bureau Center, LLC, Michael Brown, Danny Pierce, and Andrew Lloyd for participating in a deceptive marketing campaign. CBC offered free credit scores on its websites and, without consent, enrolled over 150,000 consumers in a monthly credit monitoring service for a fee, defrauding them of almost seven million dollars. Lloyd, a subcontractor who generated traffic to CBC's websites through Craigslist posts, was represented by counsel and signed a consent judgment in 2017. The Court imposed an agreed-upon injunction and a monetary judgment. Lloyd now seeks relief from that agreed-upon judgment under Federal Rule of Civil Procedure 60(b)(4) and 60(b)(6). For the reasons below, the Court denies Lloyd's motion.

## Background

The Court summarizes the facts and procedural history, which are presented in

greater detail in previous opinions from both this Court and the Seventh Circuit.

CBC was a credit-monitoring business owned by Michael Brown that, via its websites, offered free credit reports. Consumers requesting a free report were also enrolled in a $29.94 monthly credit monitoring service, which was disclosed only in small print. Lloyd was a subcontractor for Danny Pierce, an affiliate marketer for CBC. Lloyd posted Craigslist ads for nonexistent rental properties to lure individuals to CBC websites. Pierce, assisted by Lloyd, generated about three million visits to CBC's sites and approximately seven million dollars in revenue.

In 2017, the FTC brought the present civil case under the FTC Act, 15 U.S.C. §§ 41–58, the Restore Online Shoppers' Confidence Act, *id*. §§ 8401–05, and the Fair Credit Reporting Act, *id*. §§ 1681–1681x. The FTC sought an injunction and restitution. Lloyd and Pierce, each of whom was represented by counsel, signed consent judgments. Under section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the Court ordered a monetary judgment of $6.8 million against both Lloyd and Pierce, which was suspended after Lloyd paid $645,000 and Pierce paid $117,000. Lloyd (and Pierce) additionally "waive[d] all rights to appeal or otherwise challenge or contest the validity of this Order." Dkt. 146 at 2.

The FTC's case against CBC and Brown continued. In 2017, the Court granted the FTC's motion for summary judgment and entered a monetary judgment of approximately five million dollars against CBC and Brown under section 13(b) of the FTC Act. After the Seventh Circuit and then the Supreme Court held that section 13(b) did not allow equitable monetary relief, the Court reimposed the same judgment terms under other statutory provisions, and the Seventh Circuit affirmed. *See FTC v.*

*Credit Bureau Ctr., LLC*, 937 F.3d 764 (7th Cir. 2019); *AMG Capital Management, LLC v. FTC*, 593 U.S. 67 (2021); *FTC v. Credit Bureau Ctr., LLC*, 81 F.4th 710 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 2671 (2024). Lloyd's settlement was not modified by CBC and Brown's appeals.

The defendants also faced criminal prosecution following the initial judgments in the present case. Brown was indicted in 2020 in the Southern District of New York, and in 2022, a superseding indictment named Lloyd as a co-defendant. Both were charged with conspiracy to commit wire fraud, 18 U.S.C. § 1349, and wire fraud, 18 U.S.C. § 1343. At the recommendation of the pretrial services officer in the criminal case, Lloyd had a psychiatric evaluation in November 2022. The evaluator stated that she had a suspicion of autism spectrum disorder and diagnosed Lloyd with several other mental health conditions, stating that in her view, Lloyd had a serious need for treatment. By January 2023, Lloyd was diagnosed with autism spectrum disorder and was in treatment. Around June 2023, the government provided Lloyd with discovery, including agent reports and FTC and government interview notes. Lloyd contends that this material revealed that his actions were directed by Pierce and that the FTC had relied on misleading statements from Pierce about Lloyd's role in the CBC scheme. Lloyd's criminal case was resolved through an order of *nolle prosequi* in July 2024.

In November 2024, the FTC issued refunds to over 40,000 consumers from just under two million dollars recovered from the defendants. Lloyd filed the present motion in July 2025.

## Discussion

Lloyd has moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(4) and (6). Rule 60(b) provides six grounds upon which a court may relieve a

3

party from a final judgment, order, or proceeding. These include "(4) the judgment is void; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) applies only if the grounds relied upon for relief do not fall under one or more of the more specific subsections of Rule 60. See *Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013).

Given the importance of finality of judgments, "Rule 60(b) relief is an 'extraordinary remedy' granted only in 'exceptional circumstances.'" *In re Cook Med., Inc.*, 27 F.4th 539, 542 (7th Cir. 2022) (quoting *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009)). Additionally, Rule 60(b) motions "must be made within a reasonable time—and for [Rule 60(b)](1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

There are several threshold problems with Lloyd's motion. First, he stipulated to entry of an order in which he expressly "waive[d] all rights to appeal or otherwise challenge or contest the validity of this order." Dkt. 146 at 2. But that is exactly what Lloyd's Rule 60(b) motion does. He argues that the order was the product of fraud or misconduct by the FTC, specifically its failure to disclose the existence of a criminal investigation. He claims the order is invalid because it awarded equitable monetary relief pursuant to section 13(b) of the FTC Act, but the Supreme Court held in *AMG* that section 13(b) does not authorize equitable monetary relief. Lloyd also argues that the order violates due process, claiming that the FTC concealed evidence that would have minimized his culpability and secured his agreement to the order "under extreme duress to a severely mentally ill person amidst an active, secret criminal investigation[.]" Def.'s Mem. of Law at 16. Each of these points amounts to a

4

"challenge or contest [to] the validity of" the consent judgment.

Lloyd expressly waived his right to assert these challenges. He identifies no authority allowing Rule 60(b) relief despite his waiver. *FTC v. Elite It Partners, Inc.*, 91 F.4th 1042, 1046–47 (10th Cir.), *cert. denied*, 145 S. Ct. 150 (2024) (holding that defendants who signed a stipulation with language identical to Lloyd's waived a Rule 60(b)(6) challenge that equitable monetary relief was invalid after *AMG*). Lloyd signed a broad waiver that encompassed challenges under Rule 60, and he "cannot be relieved of such a choice merely because [his] assessment of the consequences was incorrect." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting *United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir.1994)).

Even if Lloyd had not waived his Rule 60 challenge, it would fail. Lloyd primarily rests his motion on Rule 60(b)(6), a catch-all provision that applies only where the challenge does not fall within one of the other subsections of Rule 60. *See Mendez*, 725 F.3d at 658. A court independently assesses the basis for a Rule 60 motion to ensure a party has labeled its claim under the proper provision. *See, e.g., Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295–96 (7th Cir. 1998) (holding that a Rule 60(b)(6) motion was appropriately considered as a Rule 60(b)(1) motion and was untimely). Lloyd argues that the FTC engaged in fraud or misconduct by withholding significant evidence and by not disclosing the existence of a criminal investigation, which, he contends, resulted in "bad faith settlement negotiations." Def.'s Reply at 8. This contention falls within Rule 60(b)(3), which provides for relief based on "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b). Lloyd also argues for relief based on the

5

discovery later produced in his criminal case (which he characterizes as *Brady* material). This assertion falls squarely within Rule 60(b)(2)'s provision for relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b). Lloyd may not employ Rule 60(b)(6) to seek relief that actually falls within Rule 60(b)(2) and (3), as he brings his motion far outside the one-year period after the entry of judgment under which challenges under Rule 60(b)(1)-(3) must be made. *See* Fed. R. Civ. P. 60(c); *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018).

Even if Lloyd's request for relief properly fell within Rule 60(b)(6), he failed to move for relief within a "reasonable time[.]" Fed. R. Civ. P. 60(c). Eight years have passed since the Court entered its stipulated order, and the FTC has already awarded consumers the money that Lloyd now seeks to have returned. Lloyd began mental health treatment and was given a preliminary diagnosis of autism in 2022, and the allegedly exculpatory documentation that he obtained via discovery in his criminal case was produced in 2023. Lloyd does not provide a viable excuse for why his motion, which primarily rests on the claimed severity of his autism and the discovery material, was not filed until 2025, nor does he marshal "extraordinary circumstances" that would warrant disturbing the FTC's award to 40,000 consumers or an eight-year-old consent judgment. *O'Neal v. Reilly*, 961 F.3d 973, 975 (7th Cir. 2020) (quoting *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015)). Lloyd contends that his mental condition and need for treatment justify equitable tolling of Rule 60's time limitations, but Rule 60 contains "[m]andatory claim-processing rules, [that] if properly invoked, must be enforced." *In re Cook Med.*, 27 F.4th at 543 (quoting

*Hamer v. Neighborhood Hous. Servs. of Chi.*, 897 F.3d 835, 838 (7th Cir. 2018)).

Finally, Lloyd seeks relief under Rule 60(b)(4), arguing that the judgment is void. But "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). The jurisdictional error must be "egregious" and "involve a clear usurpation of judicial power, where the court wrongfully extends its jurisdiction beyond the scope of its authority." *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000). Lloyd suggests that there was a jurisdictional error because section 13(b) of the FTC Act, on which his stipulation was based, does not permit equitable monetary relief, as the Supreme Court held in *AMG*. But at the time Lloyd agreed to the entry of judgment, every court of appeals to consider this issue had agreed that section 13(b) permitted courts to award equitable monetary relief. *See FTC v. Ross*, 74 F.4th 186, 192–93 (4th Cir. 2023) (collecting cases). Several other courts have held that the award of equitable monetary relief under section 13(b) was not an egregious jurisdictional error under Rule 60(b)(4) and have rejected challenges under Rule 60(b)(6) based on the same argument, as a change in law is generally not considered an "extraordinary circumstance" meriting relief. *See id.* at 191–95; *FTC v. Hewitt*, 68 F.4th 461, 466, 470 (9th Cir. 2023). Finally, Lloyd does not present a due process argument based on notice or the opportunity to be heard, the other basis that authorizes relief under Rule 60(b)(4).

## Conclusion

For the foregoing reasons, the Court denies Lloyd's motion for relief from

7

judgment under Rule 60 [dkt. 312].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 27, 2025